MICHAEL COSTA *vs.* LIBERTY MUTUAL INSURANCE COMPANY.

No. 89-P-349.

Suffolk. May 14, 1990. - August 27, 1990.

Present: PERRETTA, KASS, & JACOBS, JJ.

*Negligence*, Insurance company. *Actionable Tort. Workers' Compensation Act*, Insurer, Action against third person.

A workers' compensation insurer for the employer of a worker injured in an industrial accident while using a certain piece of machinery would not be liable to the injured employee on claims alleging negligence and breach of G. L. c. 93A in the insurer's failing to advise the employee before the statute of limitations had expired that he had a potential action against the manufacturer of the machine, since the insurer owed no duty to so advise the employee under either G. L. c. 152, § 15, or its workers' compensation contract. [177-179]

CIVIL ACTION commenced in the Superior Court Department on April 9, 1984.

The case was heard by *Charles M. Grabau*, J., on a motion for summary judgment.

*Mark R. Karsner* for the plaintiff.

*Patrick T. Jones* (*Paul F. Beckwith* with him) for the defendant.

KASS, J. Upon a motion for summary judgment by Liberty Mutual Insurance Company (Liberty), a Superior Court judge decided that Liberty, in its position as a workers' compensation insurer, owed no duty to the plaintiff Michael Costa, an injured employee, to advise him that he had a potential action against the manufacturer of the machine involved in his industrial accident. Judgment was entered for the defendant and the plaintiff has appealed. We affirm.

The dispositive facts, as must be the case when summary judgment is granted, are undisputed. Costa was hurt while

working on a "mangle" machine.[1] Liberty was the workers' compensation insurer for Costa's employer, Arkwright Finishing Company. The "mangle" machine was manufactured by Morrison Textile Machinery Company (Morrison). Liberty made medical payments and disability payments to Costa, provided rehabilitation services, and paid a lump sum settlement of $50,000. Neither Costa, who did not consult a lawyer, nor Liberty brought an action under G. L. c. 152, § 15, against the manufacturer of the "mangle" machine, Morrison, on the ground that its defective design caused Costa's injury.[2] Liberty's tepid enthusiasm for pursuing Morrison was understandable; it was also Morrison's insurer.

Costa's complaint may be read as alleging that Liberty was negligent, at best, or deceitfully in breach of its fiduciary duty to Costa, at worst, in failing to advise him before the statute of limitations ran out (the accident occurred on April 16, 1979) that he might wish to explore the third-party liability of Morrison. There is also a claim under G. L. c. 93A. The action must assume the existence of a duty by a workers' compensation insurer to advise an employee of potential third-party liability claims. See *Dinsky* v. *Framingham*, 386 Mass. 801, 804-805 (1982); *Flattery* v. *Gregory*, 397 Mass. 143, 145 (1986).

Under G. L. c. 152, § 15, an employee injured in an industrial accident or the workers' compensation insurer may bring an action against a person other than the employer (the "third party") if that person has legal liability for the injury. From any recovery, the funds shall first be applied for the benefit of the insurer to the extent of benefits paid by the insurer to the employee; the excess shall be retained by or paid to (depending upon who has brought the action) the employee. See Locke, Workmen's Compensation §§ 661, 669

---

[1] A "mangle" machine dyes continuous lengths of cloth by routing the cloth through a bath of dye by means of a series of rollers. Two "pressure rollers" squeeze excess liquid out of the fabric. Costa caught his hand and arm in rollers of the machine and suffered a de-gloving injury, i.e., the skin of his right hand and forearm was torn off.

[2] Defects in the design of the Morrison machine were not established. We assume the possibility of defective design for purposes of discussion.

(2d ed. 1981), supplemented by Nason & Wall, Massachusetts Workers' Compensation Reform Act § 13.2 (1990). As applicable on April 16, 1979, the date of Costa's injury, § 15, as appearing in St. 1971, c. 888, § 1, and amended by St. 1971, c. 941, § 1, did not permit an insurer to initiate an action against a third party unless compensation had first been paid to or *claimed* by the employee. In earlier versions of § 15, the insurer controlled third-party litigation unless the employee took the daring step of seeking recovery from the third party, but that would have constituted an election not to seek workers' compensation. See St. 1943, c. 432.[3] As amended by St. 1980, c. 488, § 15, provides that the insurer may not proceed against a third party unless compensation has been paid "nor until seven months following the date of . . . injury."

The legislative development of § 15 is one of transformation from an insurer's right (see, e.g., *Calligaris's Case*, 292 Mass. 397, 398 [1935], decided under still earlier forms of the statute) to a joint right at which the employee has the first go.[4] A statutory scheme which, since 1971, makes the employee and insurer competitors for control of the action against third parties,[5] does not seem to contemplate that the insurer will give tutorial on the subject of § 15 to the employee. Significantly, all texts of § 15 over the last fifty years have provided that settlements under § 15 must be approved by the Industrial Accident Board, the reviewing board, or the court in which an action has been commenced after an opportunity has been afforded to both insurer and employee to be heard on the merits of the settlement. The drafters of § 15 apparently assumed an adversary relationship between

---

[3]Under the earlier versions, if the insurer failed to initiate a third-party action within a certain period after the injury, the employee had a renewed opportunity to do so.

[4]We are aware that the 1980 amendment does not apply to Costa's case, but it is instructive as to the direction in which the relation between insurer and employee is tending as regards third-party claims.

[5]Locke, in his treatise, comments on the unseemly race to the courthouse door for control of § 15 actions which was the norm between 1971 and 1980. Locke, Workmen's Compensation § 669.

the insurer and the employee-claimant, rather than a fiduciary relationship; hence the requirement of a referee. Section 15 does not impose the sort of duty for which the plaintiff contends.[6]

Statutory text and history apart, there is nothing in the workers' compensation contract, the other possible source of such a duty, see *Swift* v. *American Mut. Ins. Co.*, 399 Mass. 373, 377 (1987), which imposes any obligation on the insurer to instruct the employee about third-party claim possibilities. The insurer is bound under the contract to pay workers' compensation benefits, not to dispense legal advice, which, indeed, is nowise its business. See G. L. c. 221, § 46A.

We, therefore, conclude that Liberty had no duty to apprise Costa of the possibilities of a § 15 claim against the manufacturer of the machine. That conclusion disposes, as well, of Costa's c. 93A claim.

*Judgment affirmed.*

---

[6]Parenthetically, the comprehensive reform in 1985 of the workers' compensation laws inserted in c. 152, § 6A, which requires the division of administration of the Department of Industrial Accidents to mail to an injured employee an informational brochure setting forth "in clear and understandable language a summary statement of the rights, benefits, and obligations of injured workers under this chapter." St. 1985, c. 572, § 17.