STEPHEN L. PERCOCO vs. WAUSAU INSURANCE COMPANY. No. 90-P-644. December 24, 1991. *Workers' Compensation Act,* Insurer, Recovery

---

from third person, Reimbursement of insurer. *Negligence*, Insurance company.

In his complaint, the plaintiff, Percoco, asked for damages under G. L. c. 93A and for a declaration that the defendant (Wausau) is estopped from claiming lien rights under G. L. c. 152, § 15, against a judgment in his, Percoco's, favor. On appeal, Percoco contends that the trial judge erred in allowing Wausau's motion for summary judgment because there are genuine and material factual issues in dispute. Additionally, Percoco claims that the trial court judge made errors of law, specifically, in deciding the question of whether Wausau should be estopped from collecting its statutory offset pursuant to G. L. c. 152, § 15, and in deciding that Wausau had not violated the provisions of G. L. c. 93A. We affirm.

The material facts are not in dispute. Percoco worked for Farina, a company which subcontracted with Morse Diesel, the general contractor on a construction project. Wausau was Farina's insurer. In the course of his employment Percoco was injured and made a claim for compensation under G. L. c. 152, which was paid by Wausau. He also asserted a tort claim against Morse, and his spouse brought a claim for loss of consortium against both Morse and Farina.[1] Morse joined Farina in the action, seeking indemnity based upon a "hold harmless" agreement in their contract. Wausau appointed independent counsel to defend Farina on the loss of consortium claim; this counsel also assumed responsibility for Morse's defense to Percoco's claim pursuant to the indemnity contract provided by Farina to Morse.

At trial, Percoco objected to the same counsel representing both Farina and Morse, and filed a motion, titled "Notice of Conflict of Interest," which asked the court to declare a conflict of interest. The motion was denied. Trial proceeded, and the jury returned a verdict in favor of Percoco against Morse for $273,500, plus interest and in favor of Percoco's spouse against Morse in the amount of $65,000, plus interest. The jury returned a verdict against the spouse on her claim against Farina.

Wausau claimed its lien and offset rights pursuant to G. L. c. 152, § 15, against Percoco's favorable judgment. The court ordered Morse to pay Wausau $138,390.11; Wausau recalculated Percoco's weekly benefit and suspended all G. L. c. 152 benefits for Percoco. Percoco filed an action against Wausau alleging that because the same counsel, retained by Wausau, represented both Morse and Farina, Percoco's rights as third-party beneficiary and as a G. L. c. 93A claimant were violated because Wausau had conflicting interests and sought to deny Percoco any recovery. Percoco argued that Wausau owed him a duty created by G. L. c. 152,

---

[1] Such claims against an employer for loss of consortium became largely unavailable after December 10, 1985, when St. 1985, c. 572, § 35, amending G. L. c. 152, § 24, became effective. Percoco's date of injury was December 15, 1981.

§ 15, and a breach of that duty constituted a violation of c. 93A. On December 14, 1989, the trial judge held a hearing, at which time both parties filed motions for summary judgment, arguing that there were no genuine issues of material fact. Wausau's motion was allowed.

We disagree with Percoco's contention that Wausau owed him a duty. In fact, we have previously stated that the "drafters of § 15 apparently assumed an adversary relationship between the insurer and the employee-claimant, rather than a fiduciary relationship." *Costa* v. *Liberty Mut. Ins. Co.*, 29 Mass. App. Ct. 176, 178-179 (1990). We do not accept, as Percoco suggests, that Wausau did anything which can be considered inequitable with regard to the plaintiff. See *Baio* v. *Commercial Union Ins. Co.*, 410 A.2d 502, 508 n.6 (Del. 1979) (where the court held that, if an insurance company expects to get a benefit from the litigation of a party whom it chooses to oppose in litigation, it needs to act equitably toward him). Nor is there anything in the submissions to illustrate that Wausau's hiring of an attorney to represent both Morse and Farina in the liability action diminished Percoco's recovery. We would agree that Wausau had an interest in the underlying case; however, without authority contrary to *Costa*, we find that the trial judge was correct in allowing summary judgment for Wausau.

*Judgment affirmed.*

*Paul A. Gargano* for the plaintiff.
*Gary D. Buseck* for the defendant.


