STEPHEN PERCOCO'S CASE.

Suffolk. April 7, 1994. - June 16, 1994.

Present: ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Worker's Compensation Act*, Insurer, Recovery from third person, Reimbursement of insurer, Double compensation.

A workers' compensation insurer seeking reimbursement pursuant to G. L. c. 152, § 15, for compensation already paid where there has been a recovery after trial against a third party for the employee's injuries, was not required to seek prior approval of the Department of Industrial Accidents before offsetting the employee's further claims against the excess of the third-party judgment. [139-141]

A cost of living adjustment to workers' compensation benefits pursuant to G. L. c. 152, § 34B, is a "benefit" subject to an insurer's offset rights under G. L. c. 152, § 15. [141-142]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul A. Gargano* for the employee.

*Ana Mari deGaravilla* for the insurer.

NOLAN, J. This appeal from the reviewing board (board) of the Department of Industrial Accidents (department) concerns whether a workers' compensation insurer must obtain approval from the department prior to effectuating its offset rights under G. L. c. 152, § 15 (1992 ed.), against the excess of a third-party judgment. We also address whether cost of living adjustments under G. L. c. 152, § 34B (1992 ed.), are subject to offset. Because we conclude that the insurer had no obligation under § 15 to obtain approval from the department prior to offsetting the injured employee's future compensation claims against the excess of the third-party judg-

ment, and agree that cost of living adjustments are subject to the insurer's offset rights, we affirm.

We summarize the relevant facts. On December 15, 1981, Stephen Percoco was seriously injured while in the course of his employment with the James Farina Corporation (Farina). Percoco then filed for workers' compensation benefits under G. L. c. 152 (1992 ed.) with his employer's workers' compensation carrier, Wausau Insurance Companies (Wausau). Wausau paid Percoco temporary total incapacity benefits under c. 152, § 34A. On July 22, 1982, Percoco brought a third-party tort action in the Superior Court against Morse Diesel, Inc. (Morse), the general contractor of the project where the accident occurred. In 1984, the department ordered total and permanent benefits under G. L. c. 152, § 34A, to be paid. Subsequently, Percoco received a cost of living adjustment to this compensation pursuant to G. L. c. 152, § 34B. In 1988, in the third-party action, a jury verdict was returned and judgment entered against Morse in the amount of $273,500 plus interest. Wausau claimed its lien and offset rights under G. L. c. 152, § 15. After the parties were unable to agree on the amount of the lien, the Superior Court judge ordered that Wausau be paid $138,390.11 from the judgment. Percoco's legal costs and expenses for the action were $167,032.23 and $5,581, respectively. Wausau notified the department that it would recalculate Percoco's weekly benefit. Shortly thereafter, Wausau suspended all benefits to Percoco.

In July, 1989, Percoco brought a new action in Superior Court, this time requesting that Wausau be estopped from enforcing its § 15 lien because of its allegedly unfair and inequitable conduct in the third-party action. On October 20, 1989, Wausau was ordered to resume paying benefits, pending the outcome of the case. After a hearing on cross motions for summary judgment, the judge, on February 27, 1990, ordered that the preliminary injunction be dissolved, that Wausau's obligation to post bond be discharged, and that Wausau recoup all payments made to Percoco under the preliminary injunction in excess of Wausau's obligation to make

continued payments under the fee allocation provisions of
*Hunter* v. *Midwest Coast Transp., Inc.*, 400 Mass. 779
(1987), by adjusting its future compensation payments until
the overpayment is recouped. The judge then granted
Wausau's motion for summary judgment and dismissed
Percoco's complaint. This decision was affirmed by the Ap-
peals Court. See *Percoco* v. *Wausau Ins. Co.*, 31 Mass. App.
Ct. 956 (1991).

Undaunted, Percoco then filed a claim with the depart-
ment alleging that Wausau illegally discontinued his weekly
benefits. The parties agreed to a statement of the issues. The
first issue concerned the proper procedure, if any, that an in-
surer must follow in effectuating its offset rights under G. L.
c. 152, § 15, in the case of a third-party judgment. The sec-
ond was whether cost of living adjustments under G. L. c.
152, § 34B, are subject to offset. On the first issue, the ad-
ministrative judge determined that Wausau was not obli-
gated to obtain approval from the department to offset future
benefits against the excess of the third-party jury verdict
and, accordingly, had not illegally discontinued Percoco's
benefits. On the second issue, the administrative judge de-
cided that cost of living adjustments under § 34B are wage
replacement benefits and, as such, are subject to offset.
Percoco appealed to the board, which affirmed the adminis-
trative judge's decision on March 25, 1993. Percoco appealed
the board's decision to a single justice of the Appeals Court,
who reported the case to a panel of Justices of that court.
We transferred the case to this court on our own motion. Be-
cause our review is limited to the board's decision, we disre-
gard Percoco's arguments not relating to the two issues
presented to the board.

General Laws c. 152, § 15, grants an insurer the right to
reimbursement for compensation paid where there is recov-
ery against a third party for the employee's injuries.[1] Section

---

[1]General Laws c. 152, § 15, was amended by St. 1991, c. 398, effective
on passage, December 23, 1991. The parties have not specified which ver-
sion of this statute applies to this case. The administrative judge issued her
decision on July 9, 1991, prior to the amendments. The board issued its

15 provides in pertinent part: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof . . . the employee . . . may proceed to enforce the liability of such person . . . . The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee." Although the employee is entitled to retain the "excess," the insurer may offset the employee's future compensation claims against the excess. We established this right in order to give full effect to "the general policy against double recovery and the reimbursement provisions of § 15." *Richard* v. *Arsenault*, 349 Mass. 521, 524-525 (1965).[2] However, the excess that the insurer can offset is not the statutory offset, that is, the amount of the third-party recovery that exceeds compensation paid under c. 152. In *Hunter* v. *Midwest Coast Transp., Inc.*, 400 Mass. 779, 784 (1987), we decided that the insurer's offset should reflect the employee's attorney's fees and costs in the third-party action. In implementing this decision, we required insurers to pay a percentage of each future claim equal to the ratio the total attorney's fee and costs bears to the total third-party recovery. *Id.* at 784-785. In this way, the insurer pays for the fees and costs in proportion to the benefit it receives. *Id.* "When the total amount of these claims equals the statutory excess, the insurer's obligation to make full compensation payments resumes." *Id.* at 781.

1. *Offset procedure.* As noted above, the first issue that the board addressed was whether Wausau could properly offset

decision on March 25, 1993, after the date of amendment, and made reference to the amended version in its written opinion.

Although the 1991 amendments make substantial changes to § 15, none of the changes would alter our decision in this case. Because neither of the parties contends that the board erred in applying the amended version, we will apply that version.

[2]The amended version of § 15 makes express reference to the insurer's right to offset.

Percoco's claims against the excess of the third-party judgment without first obtaining approval from the department. Section 15 requires approval in certain cases settled by the parties and distinguishes between settlements prior to trial and settlements during trial. If the third-party action is settled prior to trial, either "the board, the reviewing board, or the court in which the action has been commenced after a hearing in which both the employee and the insurer have an opportunity to be heard" must approve the settlement agreement. If the action is settled during trial, "only the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement." Section 15 contains no other procedural requirement.

Percoco argues that, by not first obtaining approval from the department, Wausau improperly terminated benefits in violation of G. L. c. 152, § 8 (1992 ed.).[3] Wausau argues § 8 does not apply because Percoco's benefits have not been terminated or modified but are being offset in accordance with a lien established by the Superior Court and the fee allocation provisions of *Hunter*. Noting that there are no statutory or regulatory provisions expressly mandating prior approval when there is a third-party judgment, Wausau argues that no prior approval should be required here.

The insurer can offset the excess of a third-party judgment against the employee's future compensation claims and is required only to pay the percentage of these claims in proportion to the ratio of the fees and costs to the third-party recovery until the total amount of the claims equals the statutory excess. In this case, the amount of the judgment against the third party, Morse, the amount of Wausau's § 15 lien, and

---

[3]General Laws c. 152, § 8, as amended by St. 1991, c. 398, §§ 23, 25, prohibits an insurer paying weekly compensation benefits from "modify[ing] and discontinu[ing] such payments except in" certain delineated situations. The prior version of § 8 also concerned when an insurer can terminate or modify benefits. As with § 15, the parties have not specified which version should apply in this case. Because we agree with Wausau that it did not terminate or modify Percoco's benefits, we need not analyze the particular situations. We shall apply the amended version.

the amount of Percoco's attorney's fees and costs were ascertained on the entering of judgment in the third-party action. Wausau was thus able to proceed to offset Percoco's future compensation claims without any further guidance. In the absence of express provisions in c. 152 or in the department's regulations, there is no rational basis to require prior approval before an insurer can effectuate its offset rights in an excess judgment. Wausau legally discontinued Percoco's weekly benefits. The board correctly held that the discontinuance was not illegal.

2. *Cost of living adjustments under G. L. c. 152, § 34B.* The second issue that the board addressed was whether cost of living adjustments under § 34B are subject to offset by the insurer under § 15. Section 15 provides, in part, that the injured employee is "entitled, without election, to the compensation *and other benefits* provided under [c. 152]" (emphasis added). In *Richard* v. *Arsenault, supra* at 524-525, we held that an insurer can offset the future compensation claims of the injured employee against the excess of the third-party recovery. As we noted above, the underlying principle of § 15 is the prevention of double recovery — "once by way of compensation and once by way of damages." *Id.* at 524, quoting *McDonald* v. *Employees' Liab. Assurance Corp.*, 288 Mass. 170, 174 (1934). Interpreting § 15 consistently with this principle, we hold that the future compensation claims that are subject to the insurer's offset rights include claims for "other benefits" under c. 152 as well as claims for "compensation." See also *Armstrong's Case*, 416 Mass. 796, 803 (1994) (cost of living adjustment not "compensation" under G. L. c. 152, § 29). Section 34B[4] provides in part: "Any person receiving or entitled to receive benefits

[4]Like §§ 8 and 15, § 34B was amended in 1991. See St. 1991, c. 398, § 61. The parties also do not specify which version should apply to this case. The prior version referred to the benefit as a "supplement to weekly compensation"; the amended version refers to the employee's right to have his "weekly benefit adjusted." However, the change in language does not affect our decision. As with our approach to the other sections, we apply the amended version.

under the provisions of . . . [§ 34A] . . . *shall have his weekly benefit adjusted*" (emphasis added). A cost of living adjustment under § 34B supplements the employee's weekly compensation and, as such, is a benefit under c. 152. Accordingly, we agree with the board that cost of living adjustments under § 34B are subject to the insurer's offset rights under § 15.

3. *Conclusion.* For the foregoing reasons, the decision of the board upholding the decision of the administrative judge determining that Wausau legally discontinued Percoco's benefits under G. L. c. 152, and that cost of living adjustments under G. L. c. 152, § 34B, are subject to an insurer's offset rights under G. L. c. 152, § 15, is upheld.

*So ordered.*