Borenstein, J.
BACKGROUND
This decision and order disposes of (1) Defendant Wausau Insurance Company's "Motion to Dismiss, or to the Extent Necessary, for Summary Judgment” on plaintiffs Stephen Percoco’s Complaint for Declaratory Relief, and (2) Stephen Percoco’s Motion for Summary Judgment.
(1) The court treats Wausau’s Insurance Company’s (“Wausau’s”) motion as a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), and ALLOWS the motion in part and DENIES it in part. To the extent that Stephen Percoco (“Percoco”) requests a declaration of the precise amounts of money to which he and Wausau are entitled, the court dismisses his complaint. To the extent that Percoco requests a declaration resolving two legal issues that are in dispute and that will affect the calculation of these amounts, the court grants his request. Percoco is directed to bring his complaint about the specific amounts to which he and Wausau are entitled to the Department of Industrial Accidents (“DIA”) for resolution.
(2) Percoco’s Motion for Summary Judgment against Wausau is DENIED with respect to those portions of Percoco’s complaint that the court dismisses. With respect to one of the two legal disputes that will affect the calculation of the amounts to which the parties are entitled, Percoco’s Motion is ALLOWED (see Section C(2)(b), below).
BACKGROUND
The undisputed material facts are as follows. Percoco’s claim arises from a 1981 injury suffered at work. Wausau, his employer’s workers’ compensation insurer, paid him disability benefits. Percoco was later awarded damages for his injury in a third-party suit he brought in Superior Court against Morse Diesel, Inc. (“Morse”), the general contractor of the project on which Percoco was injured. Subsequently, Wausau claimed its statutory right to assert a lien against Percoco’s award from Morse (the “Morse judgment”) and to offset future workers’ compensation payments to Percoco against a portion of that judgment. When the parties could not agree on the amount of the lien, a Superior Court judge determined that Wausau was entitled to $138,390.11 of the Morse judgment.
In 1989, Percoco sued Wausau in Superior Court, claiming that Wausau should be estopped from enforcing its lien because of its allegedly unfair and inequitable conduct in the third-party action against Morse. The Appeals Court affirmed the Superior Court’s grant of summary judgment for Wausau. Percoco v. Wausau Insurance Company, 31 Mass.App.Ct. 956 (1991).
*375 In 1992, Percoco initiated the action that led directly to this suit. Percoco filed a claim with the DIA asserting (1) that before Wausau could offset future workers’ compensation benefits against the “excess” of the Morse judgment, Wausau was required to obtain the approval of the DIA; and (2) that the “cost of living adjustments” to which Percoco was entitled under the workers’ compensation statute should not be offset against the Morse judgment.[1] The DLA’s Industrial Accident Board decided against Percoco on both issues; Percoco then appealed to a single justice of the Appeals Court, who reported the case to a panel of Justices of that court. The Supreme Judicial Court (“SJC”) transferred the case on its own motion and ultimately decided against Percoco on both issues. Stephen Percoco’s Case, 418 Mass. 136 (1994).
In 1992 (during the progress of the litigation initiated by Percoco’s 1992 claim), Percoco filed his Complaint for Declaratory Relief in Superior Court. The complaint requests declaratory judgment on a number of questions and asks for an accounting. In response, Wausau filed its “Motion to Dismiss, or to the Extent Necessary, for Summary Judgment” (“Motion to Dismiss”), followed by Percoco’s own Motion for Summary Judgment. More recently, in 1994, Percoco submitted a Pre-Trial Memorandum requesting that, in light of the SJC’s 1994 decision (Stephen Percoco’s Case, supraj, this court refrain from deciding defendant’s motion. Rather, Percoco requests that the court “report” the following narrow issue to the SJC: whether a workers’ compensation insurer must obtain the approval of the DIA before enforcing its lien against an employee’s third-party judgment, where the parties disagree about the amount of the lien.
DISCUSSION
A.Percoco’s request for a report to a higher court is denied
This court declines to report the question Percoco raises either to the Appeals Court or (as Percoco erroneously requests) to the SJC. Mass.R.Civ.P. 64 provides that
[i]f the trial court is of opinion that an interlocutory finding or order made by it so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court, it may report such matter
to the Appeals Court. Rule 64 does not permit the Superior Court to report a question of law to the higher court before deciding it, as Percoco suggests it might. Colella v. Commonwealth, 417 Mass. 433, 434 (1994). Rather, the rule allows the Superior Court to report to the Appeals Court the propriety of an interlocutory order the Superior Court has already made. Because there is no such interlocutory order at issue in this case, the court DENIES Percoco’s request for a report.[2]
B.Percoco’s request for an accounting is denied
In addition to its request for declaratory relief (addressed below), Percoco’s complaint requests that this court order Wausau to make an accounting, disclosing (1) the workers’ compensation payments it has made to Percoco, (2) the amount it has already recouped from the Morse judgment, (3) the amount by which it contemplates offsetting future workers’ compensation payments; (4) the amount it has offset to date; and (5) the number of weeks during which Wausau will be entitled to offset.
As Wausau’s Motion to Dismiss recognizes, an action for accounting will not lie unless (1) the accounts in question are so complicated that they cannot conveniently be settled in an action at law, or (2) there is a fiduciary relation between the parties. Ball v. Harrison, 31-4 Mass. 390, 392 (1943). Here, Percoco has not shown that the financial entitlements of the parties cannot be handled in a legal claim for damages. Moreover, case law establishes that there is an adversarial, rather than a fiduciary, relation between an employee and his employer’s workers’ compensation insurer. Percoco v. Wausau, 31 Mass. App. at 958 (citing Costa v. Liberty Mut. ins. Co., 20 Mass.App.Ct. 176, 178-79 (1990)). For these reasons, Percoco’s request for an accounting is DISMISSED.
C.Percoco’s request for declaratory judgment is denied in part and granted in part
Percoco’s complaint also requests a declaration spelling out each party’s financial entitlements, in light of Wausau’s right to recoup a portion of the Morse judgment and Percoco’s right to receive “total and permanent compensation benefits and cost of living adjustments.”
The court DISMISSES Percoco’s claim (and thus DENIES his motion for summary judgment) as far as it requests a declaration of the parties’ exact financial entitlements, and directs the parties to take that issue to the DIA for resolution.
The court GRANTS Percoco’s request for declaratory relief as far as it can be read to request a resolution of two legal disputes that will guide the DIA in calculating the parties’ financial entitlements. We resolve one of these disputes against Percoco, and thus DENY his motion for summary judgment on that issue. We resolve the second dispute in Percoco’s favor, and thus GRANT his motion for summary judgment on that issue.
1. Percoco’s request for a declaration calculating the parties’ precise financial entitlements is dismissed
Case law establishes that parties must generally exhaust their administrative remedies before requesting declaratory judgment. See, e.g., Space Bldg. Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992). In this case, the workers’ compensation statute *376 clearly establishes that an employee may bring a claim to the DIA “requesting resolution of any other issue [beyond an initial request for benefits] arising under this I chapter . . .” G.L.c. 152 §10(1). Thus, there does exist an administrative remedy available to Percoco.
Certainly, as Percoco notes, Massachusetts courts have recognized exceptions to the exhaustion requirement. Percoco’s claim, however, does not fit into a recognized exception: it is not the case, for example, that the administrative remedy available to Percoco is inadequate: that a DIA decision will not terminate the controversy between the parties; that there is an important public question whose resolution concerns or will affect people other than the parties: that irreparable injury will result if we require the parties to return to the DIA; that there is a question of law “peculiarly within judicial competence”; or that a proceeding before the DIA will be expensive or awkward as compared with a judicial proceeding. Everett v. Local 1656. International Association of Firefighters, 411 Mass. 361, 368-69 (1991) (listing these traditional exceptions to the exhaustion requirement).
Moreover, Percoco does not face a situation of the sort contemplated by the exception to the exhaustion requirement set out in the declaratory judgment statute:
The failure to exhaust administrative relief prior to bringing an action [under the declaratory judgment statute] shall not bar the bringing of such action if the petition for declaratory relief is accompanied by an affidavit stating that the practice or procedure set forth pursuant to the provisions of section two is known to exist by the agency or official therein described and that reliance on administrative relief would be futile. G.L.c. 231A §3.
In this case, there is no allegation that any DIA practice would preclude Percoco’s obtaining administrative relief.
Finally, the decision to grant declaratory relief is generally a matter within the court’s discretion. G.L.c. 231A §3 states:
The court may refuse to render or enter a declaratory judgment . . . where such judgment . . . would not terminate the uncertainly or controversy giving rise to the proceedings or for other sufficient reasons.
See also National Shawmut Bank v. Morey, 320 Mass. 492, 497 (1946) (recognizing that the court has historically retained the discretion to decline purely declaratory relief, and that G.L.c. 231A §3 codifies this discretion). Here, a discretionary denial is particularly appropriate, where the parties have not submitted sufficient facts about the amounts in dispute for this court to make an exact determination of the parties’ entitlements.[3]
For the foregoing reasons, the court DISMISSES Percoco’s complaint for declaratory relief, to the extent that it seeks a declaration of the parties’ exact financial entitlements.
2. Guidelines for calculating the parties’ financial entitlements
The court does, however, make a declaration as to the following two issues concerning the method of calculation that appears to be dispute.
(a) First, the parties disagree about the amount of the lien to which Wausau was entitled under G.L.c. 152 §15. In fact, as Wausau correctly asserts, J. Hallisey resolved that issue in 1989, when he ordered that $138,390.11 of the Morse judgment be paid to Wausau and $362,706.57 to Percoco. Percoco v. Morse Diesel, Inc., and James Farina Corp. (Superior Court No. 82-3751, Middlesex County, June 30, 1989). This court declares that J. Hallisey’s decision was final, and that the DIA must base its calculations on the assumption that, as of June 30, 1989, Wausau was entitled to a lien of $138,390.11.
Parties are collaterally estopped from relitigating an issue determined in a prior action between them or parties in privity with them. Specifically, collateral estoppel bars relitigation where the issue was “actually litigated” in the prior action, where it was determined by a “final judgment on the merits,” and where there was “available some avenue for review of the prior ruling on the issue” Sena v. Commonwealth, 417 Mass. 250, 260 (1994) (reciting the first two traditional requirements and establishing the third). Courts have also required that the prior determination have been “in favor of the parly seeking to raise the estoppel bar.” Commonwealth v. Lopez, 383 Mass. 497, 499 (1981), citing Copening v. United States, 353 A.2d 305, 309 (D.C. App. 1976).
Clearly, the amount of the lien was “actually litigated,” and was determined as a “final judgment on the merits”: J. Hallisey’s order followed a separate hearing on the very issue of the lien amount. Furthermore, Percoco obviously had an avenue for direct review: he could have appealed the order to the Appeals Court. Finally, J. Hallisey’s order was apparently in Wausau’s favor, as Wausau now seeks to rely upon it.
Thus, I hold that Percoco is collaterally estopped from challenging J. Hallisey’s order now, and that the DIA must take the figure in J. Hallisey’s to be the correct lien amount.[4] We DENY Percoco’s Motion for Summary Judgment on this issue.
(b) The parties also disagree about the baseline amount of future workers’ compensation benefits that Wausau may offset against the excess of the Morse judgment. Specifically, Percoco claims that this baseline amount should include COLA increases, while Wausau argues that it should not. The court agrees with Percoco on this issue.
According to Wausau, Percoco is not entitled to receive COLA benefits after the Morse judgment, because of the language of the workers’ compensation statute. G.L.c. 152, §34B states that COLA benefits “shall be paid” to “[a]ny person receiving or entitled to *377 receive” workers’ compensation benefits. Wausau argues that because it was entitled, following the Morse judgment, to suspend payments to Percoco, Percoco is no longer “entitled to receive” workers’ compensation, and thus cannot be entitled to COLA benefits.
The court disagrees. The SJC decision in Percoco’s Case, supra, held that “the future compensation claims that are subject to the insurer’s offset rights include claims for ‘other benefits’ [referring specifically to COLAs] under c. 152 as well as claims for ‘compensation.” ’ Percoco’s Case, supraat 141. By implication, then, Percoco remains “entitled” to COLA benefits during the offset period, whether or not he actually receives payment for them. Thus, the court declares that the amount of worker’s compensation benefits against which Wausau may offset the excess of the Morse judgment consists of Percoco’s weekly benefit, plus that week’s COLA payment. We GRANT summary judgment for Percoco on this issue alone.
D. Dismissal of Percoco’s complaint to allow joinder of the Workers’ Compensation Trust Fund is not required
Finally, Wausau contends that the Workers’ Compensation Trust Fund (the “Fund,” established in G.L.c. 152 §65(2)) should be joined as a party for purposes of requesting declaratory relief related to COLA benefits. Wausau is correct that, in a complaint for declaratory relief, all parties having a claim or interest in the action must be joined. The Fund is arguably such a party, because G.L.c. 152 §65 requires it to reimburse Wausau for COLA benefits. However, because the court’s only determination relevant to COLA consists of the decision to follow the binding authority of Percoco’s case, supra, the court holds that dismissal of the case to allow the Fund to be joined is not necessary.
ORDER
1. Defendant Wausau’s “Motion to Dismiss, or to the Extent Necessary, for Summary Judgment,” is treated as a Motion to Dismiss and is GRANTED in part and DENIED in part:
a. The court dismisses plaintiff Stephen Percoco’s complaint to the extent that it requests an accounting.
b. The court dismisses plaintiffs complaint to the extent that it requests a declaration of the parties’ precise financial entitlements.
2. The court declares that when the parties calculate their precise financial entitlements to one another, they must follow these guidelines:
a. As of June 30, 1989, Wausau was entitled to a lien of $138,390.11 on the judgment Percoco recovered in 1989 from Morse, Diesel, Inc. (the “Morse judgment”).
b. The amount of weekly workers’ compensation benefits against which Wausau may offset an “excess” (pursuant to G.L.c. 152, §10) must include G.L.c. 152 §34B Cost of Living Adjustments.
3.The court GRANTS plaintiffs Motion for Summary Judgment on the single issue of whether G.L.c. 152 §34B Cost of Living Adjustments are included in the workers’ compensation benefits against which Wausau may offset the “excess” of the third-party judgment.

Wausau is allowed to “offset” future workers’ compensation payments to Wausau against the so-called “excess” of the Morse judgment. G.L.c. 152 §15 defines “excess” as “the amount by which the gross sum received in payment for the injury [from the defendant in the third-party action] exceeds the compensation paid [by the workers’ compensation insurer] under this chapter. ” Section 15 recognizes thdinsurer’s right to offset future payments against this excess, although this right is spelled out more clearly in Richard v. Arsenault, 349 Mass. 521, 524-25 (1965).

The court also notes that its holding, below, that Percoco is collaterally estopped from disputing the amount of the lien to which Wausau was entitled, resolves the question that Percoco requested we refer to a higher court.

The parties have not, for example, submitted information to the court about the salary Percoco earned, while employed: about the COLA increases to which an injured worker with Percoco’s former salary may have been entitled in the years since 1981; or about the amount of money that has in fact changed hands between the parties to date.

Percoco objects to J. Hallisey’s figure on the following basis: “The fact that a Court ordered this money [$ 138,390.11] to be placed in escrow for the benefit ofWausau was not an assessment by such Court that Wausau was entitled to the whole of these monies.” This is a misreading of J. Hallisey’s order, which clearly states that $138,390.11 is to be paid to Wausau, rather than placed in escrow.
Moreover, Percoco argues by incorrect analogy to Gaeta v. National Fire Ins. Co. of Hartford, 410 Mass. 592 (1991). His reliance on that case is misplaced: in Gaeta, part of an employee’s third-party judgment was placed in escrow pending resolution of a dispute between a workers’ compensation insurer and the Massachusetts Insurers Insolvency Fund, over which entity was entitled to the money. In Percoco’s case, by contrast, there is no such conflict between two insurers over the distribution of the $ 138,390.11, and no other apparent reason J. Hallisey would have intended to make a merely temporary disposition of the money.