BERNARDO FIGUEIREDO'S CASE. No. 98-P-1303. June 2, 2000. *Workers' Compensation Act*, Appeal, Procedure, Decision of Industrial Accident Reviewing Board, Judicial review. *Administrative Law*, Evidence. *Evidence*, Expert opinion.

The employee, Bernardo Figueiredo, appeals from the summary affirmance of the decision of an administrative judge by a reviewing board of the Department of Industrial Accidents (DIA), which upon review by a single justice of this court was affirmed. On appeal, Figueiredo contends that the administrative law judge acted contrary to law by failing (1) to allow evidence explaining the employee's corporate tax return, and (2) to assess a penalty against the insurer under the flat rates of G. L. c. 152, § 8(1),[1] rather than twenty percent of the additional compensation later ordered to be paid him pursuant to § 8(5).[2]

Figueiredo, employed by GTE Products Corporation (GTE) since 1970, suf-

---

[1]Section 8(1) provides for a penalty of $10,000 for failure to commence payments under an order or agreement for more than ninety days.

[2]Section 8(5), as inserted by St. 1985, c. 572, § 21, in relevant part provides: "Except as specifically provided above, if the insurer terminates, reduces, or fails to make any

fered an industrial accident on April 28, 1988. Figueiredo received temporary total benefits from April 28, 1988, to March 25, 1990, at which time the employer's insurer, American Motorists Insurance Company (American), filed an application for a discontinuance. At a hearing on March 26, 1990, an administrative law judge discontinued total disability benefits but ordered payment of partial incapacity benefits from March 26, 1990, and continuing. The judge also deducted $10 per week to recoup overpayment to the employee. On August 3, 1993, the insurer discontinued benefits after receiving information that the employee had moved to New York. An administrative law judge of the DIA ruled that the insurer had illegally discontinued Figueiredo's benefits from August, 1993, to April, 1994, and that American had improperly continued to pay benefits at the reduced (recoupment) rate after recovering its overpayment.[3] The judge imposed penalties pursuant to G. L. c. 152, § 8(5). A single justice of this court affirmed the reviewing board's decision. See G. L. c. 152, § 12(2). This appeal ensued.

Where, as here, the facts are undisputed, "the reviewing board's function is to decide whether the single member's determination as to the employee's entitlement to benefits is 'beyond the scope of his authority, arbitrary or capricious, contrary to law, or unwarranted by the facts.' " *Lettich's Case*, 403 Mass. 389, 395 (1988), quoting from G. L. c. 152, § 11C. "[A] single member's findings, not erroneous as a matter of law, directly based on 'live' testimony before him given by witnesses testifying to their personal observations, are final. The reviewing board must accept those findings [with certain exceptions not relevant here]. . . ." *Id.* at 394-395. "Under G. L. c. 30A, § 14(7), the Appeals Court may affirm, modify, or set aside the reviewing board's decision, or remand the matter to the board, if the board's decision, among other things, is 'based upon an error of law' or 'made upon unlawful procedure,' or 'unsupported by substantial evidence.' " *Id.* at 395. See *Robinson's Case*, 416 Mass. 454, 455-456 (1993).

Figueiredo claims, based on the language of § 8(1), as amended by St. 1991, c. 398, § 23, "[a]ny failure of an insurer to make all payments due an employee under the terms of an order, decision, . . . shall result in a penalty of . . . ten thousand dollars," that because American failed to make "all payments" due under the 1990 order of benefits for more than ninety days (i.e., August 3, 1993, to April, 1994, and continued $10 weekly recoupment), he is owed $10,000. American, on the other hand, argues that the DIA correctly assessed this penalty under § 8(5), because rather than improperly failing to start timely (within fourteen days of the 1990 order) benefits, which § 8(1) penalizes, here American improperly discontinued (August, 1993, to April, 1994) Figueiredo's benefits and reduced (after March, 1994) his partial incapacity benefits, a misstep punishable under § 8(5).

We are, as was the single justice, persuaded by American's interpretation of the instant circumstances. That interpretation also comports with the dual purposes of the 1991 Workers' Compensation Reform Act, to "cut costs, effect systemic repairs, and maintain a level of fair benefits for all injured workers" and to "put money in the hands of the injured worker or his dependents

---

payments required under this chapter, and additional compensation is later ordered, the employee shall be paid by the insurer a penalty payment equal to twenty per cent of the additional compensation due on the date of such finding."

[3]The overpayment was fully recouped by March 4, 1994.

as soon as possible." Locke, Workmen's Compensation §§ 1.9, 4.1, at 20, 45 (Koziol Supp. 2000). Finally, American's interpretation comports with the administrative judge's findings, as confirmed by the DIA reviewing board, that American illegally *discontinued* Figueiredo's benefits between August, 1993, and April, 1994, and illegally *reduced* Figueiredo's benefits by $10 weekly after March 4, 1994. As those findings are both undisputed and track the language of G. L. c. 152, § 8(5), the reviewing board properly could affirm the administrative judge's decision. See Locke, Workmen's Compensation § 5.2, at 88 (Koziol Supp. 2000).

Figueiredo also raises the propriety of the administrative judge's failure to allow introduction of expert evidence on the meaning of a corporate tax return for a Dunkin' Donuts franchise on Long Island that Figueiredo and his brother-in-law had bought two years prior to his injury. The question whether to admit expert evidence on an issue lies within the broad discretion of the judge. *Edwards* v. *Boland*, 41 Mass. App. Ct. 375, 382 (1996). Expert evidence may be admitted if it will "assist the trier of fact . . . in understanding the evidence." Liacos, Brodin, & Avery, Massachusetts Evidence § 7.6.1, at 385 (7th ed. 1999). In this case, there was no showing that the proposed expert testimony was either necessary or even desirable to elucidate an otherwise straightforward corporate tax return of two equal corporate owners. Compare *Sullivan* v. *First Mass. Financial Corp.*, 409 Mass. 783, 793 (1991) (expert testimony on qualification for Subchapter S status properly admitted to inform the jury, but the judge himself could have properly instructed the jury on this complicated issue.)

Accordingly, we affirm the judgment entered by the single justice affirming the November 1, 1996, decision of the Department of Industrial Accidents reviewing board.

*So ordered.*

*Nicholas J. Decoulos* for the employee.
*Michael P. Mahany* for the insurer.