Troy, Paul E., J.
The plaintiff, Anka Theroux (The-roux) brought this action, consisting of twelve counts, against the defendant Marie O’Shea, individually and as owner of the Purple Cactus, all arising out of her claim of entitlement to one-half interest in O’Shea’s business and real property. The matter is before the court on O’Shea’s motion for summary judgment. For the following reasons, the defendant’s motion is ALLOWED in part and DENIED in part.
BACKGROUND
Theroux and O’Shea, who owned a restaurant called the Purple Cactus, began a serious romantic relationship in March 2002, when Theroux moved into O’Shea’s Boston condominium (the Boston property). Theroux thereafter began working at the Purple Cactus, first as an independent contractor and subsequently as a W-2 employee. During the relationship, which ended during the late summer and early fall of 2005, O’Shea became the title owner of a condominium located in Florida (the Florida property) and both took title to a condominium in Provincetown (the Provincetown property) with O’Shea owning a 75% interest, and Theroux a 25% interest. After the relationship ended, O’Shea filed a petition to partition the Provincetown properly in the Barnstable Probate and Family Court; Theroux filed seven counterclaims, which are essentially the same as her claims in the instant action. The court dismissed all of Theroux’s counterclaims except her claims for equitable ownership in the Provincetown property, and accounting. After five days of trial in October 2006, the court awarded the entire equity in the Provincetown property to O’Shea in consideration for the debts owed her by Theroux. In his comprehensive written decision, the judge made subsidiary findings of fact that The-roux was not a partner in the Purple Cactus and did not have any rights thereto, and that she did not have any interest in either the Boston or Florida properties. O’Shea argues that, because all the contested material facts were fully aired in that action, the doctrine of collateral estoppel prevents Theroux from relitigating any of her claims in this court.
DISCUSSION
A court reviews the summaiy judgment materials in the light most favorable to the non-moving party, here the plaintiff, Bray v. Community Newspaper Co. Inc., 67 Mass.App.Ct. 42, 43 (2006), and “inquire(s) whether upon any reasonable view of the evidence, there is a combination of facts from which a rational inference may be drawn in the plaintiffs favor.” Sullivan v. Brookline, 416 Mass. 825, 826 (1994).
The doctrine of collateral estoppel “provides that when an issue of fact or law is actually litigated and determined by a valid judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.” Alba v. Raytheon Co., 441 Mass. 836, 841 (2004) (internal quotations and citations omitted). In deciding whether collateral estoppel applies to bar a plaintiffs claims, a court must determine if the plaintiff had a full and fair opportunity to litigate the issues in the prior proceeding, and whether the issue decided in the prior adjudication was essential to the judgment. Id. The findings do not have to be strictly essential to the previous judgment, as long as they are treated as essential, Commissioner of the Dept. of Employment & Training v. Dugan, 418 Mass. 138, 144 (1998); put another way, an issue is essential to the judgment if it is essential to the merits of the underlying case. Jarosz v. Stephen L., 436 Mass. 562, 529 (2002).
O’Shea correctly argues that all issues relating to the Provincetown property were litigated fully in the Probate and Family Court, and Theroux is therefore precluded from raising them in this court. It is otherwise, however, as to Theroux’s claims regarding the Purple Cactus and the Boston and Florida properties. Although the judge found against Theroux on those issues this court does not consider his findings to be essential to the merits of the case or to his final judgment. Indeed, he stated that Theroux’s involvement in the Purple Cactus was “only tangentially related” to the proceedings before him, and was considered only insomuch as it demonstrated that The-roux was paid a salary and could thus have contributed more to the upkeep of the Provincetown property.
In cases where collateral estoppel has precluded subsequent litigation the issue has been a central component of the prior decision. See, e.g. Green v. Town of Brookline, 53 Mass.App.Ct. 120 (2001) (Civil Service Commission found town had just cause to terminate employee; employee precluded from claiming town had not made a bona fide personnel decision in subsequent action for workers’ compensation); Martin v. Ring, 401 Mass. 59 (1987) (plaintiff in negligence action collaterally estopped to assert causal connection between injury and fall, where Industrial Accident Board in workers’ compensation action had determined injury not caused by fall); Alba, 441 Mass. 836 (where administrative judge found that employer’s failure to make reasonable accommodations was not cause of employee’s suicide, plaintiff barred from asserting discrimination claim based on employer’s failure to accommodate); Corrigan v. General Elec. Co., 406 Mass. 478 (1990) (wife could not claim loss of consortium based on husband’s injury where Industrial Accident Board found husband had not sustained injury); Supeno v. Equity Off. Props., 70 Mass.App.Ct. 470 (2007) (where administrative action found no causal connection between employee’s condition and workplace environment, summaiy judgment properly granted on basis of collateral estoppel in tort action).
*725 In this case, Theroux’s entitlement to fifty percent of the Purple Cactus and property other than the Provincetown property was not central, nor was it so treated, to the judge’s decision regarding the partition of the latter. The judge’s final decision regarding the partition rested on his findings that, where Theroux retained rental fees for the property and owed O’Shea a previous debt as well as attorneys fees and costs, that amount was substantially more than the value of Theroux’s share. In addition, although the judge did not credit Theroux’s testimony that she was a partner in the Purple Cactus and an equal contributor to the other properties, where she did not present witnesses to that effect, it cannot be said that she had an opportunity to litigate those issues. In her summary judgment materials, Theroux contends that she was a partner in the Purple Cactus, she has provided affidavits asserting that she and O’Shea held themselves out as partners, and there is no evidence in the record that she did not contribute equally to the other properties. Genuine issues of material fact remain, thus precluding summary judgment.
ORDER
For the foregoing reasons, it is ORDERED that defendant’s motion for summary judgment be ALLOWED as to all issues regarding the Provincetown property and DENIED as to all plaintiffs other claims.