LEMIRE, J.
*491 The plaintiff, Ileana Bermudez, appeals from the judgment dismissing her amended complaint for retaliatory termination in violation of G. L. c. 152, § 75B (2). Bermudez contends that the dismissal is erroneous because, contrary to the motion judge's finding, her third-party negligence claim is a right afforded by G. L. c. 152, § 15. We vacate the judgment.
*492 Standard of review. Our review of the appeal of a motion to dismiss is de novo, "accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Edwards v. Commonwealth, 477 Mass. 254, 260, 76 N.E.3d 248 (2017). To survive a motion to dismiss, a plaintiff must present factual allegations that rise above speculation and plausibly suggest an entitlement to relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, 888 N.E.2d 879 (2008). See also Flagg v. AliMed, Inc., 466 Mass. 23, 26, 992 N.E.2d 354 (2013).
Background. Career Group Staffing Services, Inc. (Career Group), a temporary employment agency, hired Bermudez and placed her at the Chicopee manufacturing facility of the defendant, Dielectrics. On July 26, 2013, while working in this capacity, Bermudez was injured when one of the defendant's employees (Kevin Ramos) negligently operated a forklift, causing several large metal sheets to fall on Bermudez's *929 right foot. As a result, Bermudez suffered a fracture to her right foot and could not work for approximately eight weeks. Bermudez filed a workers' compensation claim naming Career Group as her employer, and collected benefits from Career Group's insurer for her medical bills and lost wages. Bermudez was able to return to work at the defendant's facility in September, 2013. In December, 2013, the defendant hired Bermudez as a full-time employee.
In July, 2015, Bermudez filed a third-party action for negligence and respondeat superior against the defendant and Ramos.[1] In response, in a notice dated September 22, 2015, the defendant terminated Bermudez, stating:
"It is important to Dielectrics that when we promote an employee to a supervisory position the employee has a belief in the [c]ompany and behave[s] with the [c]ompany's best interests at heart. Our supervisors need to support Dielectrics in that way so that we can entrust them to spread those same values to their subordinates.
"When you sued Dielectrics after being compensated for your injury by workers['] compensation, we had little choice but to conclude that you don't believe in the company and don't have its best interests in mind.
"This adversely affects the department you've been entrusted to supervise and the [c]ompany as a whole. As such, we have *493 decided to terminate your employment effective immediately."
Bermudez brought an action against the defendant for retaliatory termination in violation of G. L. c. 152, § 75B (2). A first judge ruled that Dielectrics was not an "employer" as that term is used in c. 152 and therefore could not be sued for retaliation under § 75B (2). The defendant's motion to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), therefore was allowed. However, the first judge allowed Bermudez twenty days to file an amended complaint for wrongful termination in violation of public policy. Bermudez filed an amended complaint, again alleging a violation of G. L. c. 152, § 75B (2), but adding a claim for wrongful termination in violation of public policy. After the defendant moved to dismiss the amended complaint, Bermudez voluntarily dismissed her public policy claim and a second judge (hereinafter motion judge) again dismissed her claim for retaliatory termination under G. L. c. 152, § 75B (2).[2] This appeal followed.
Discussion. 1. Statutory history. General Laws c. 152, the workers' compensation act (the act), "provide[s] wage-loss protection to employees who are injured on the *930 job and incur a loss of earning capacity from the injury." Tobin's Case, 424 Mass. 250, 253, 675 N.E.2d 781 (1997). Prior to 1971, when an employee suffered from a work-related injury, she could choose either to file for benefits under the act or to file a third-party action for her injuries, but could not do both.[3] See DaRoza v. Arter, 416 Mass. 377, 379 n.2, 622 N.E.2d 604 (1993). See also *494 Costa v. Liberty Mut. Ins. Co., 29 Mass. App. Ct. 176, 178, 558 N.E.2d 999 (1990) ("In earlier versions of § 15, the insurer controlled third-party litigation unless the employee took the daring step of seeking recovery from the third-party, but that would have constituted an election not to seek workers' compensation"). The statute read, in part, "[T]he employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation[,] ... but ... not against both" (emphasis supplied). St. 1943, c. 432.
In 1971, a revised § 15"abolished the necessity for an election between filing a workers' compensation claim and an action against a negligent third party." Taylor v. The Trans-Lease Group, 34 Mass. App. Ct. 404, 406 n.5, 612 N.E.2d 254 (1993). See St. 1971, c. 888.[4] See also DaRoza, 416 Mass. at 379 n.2, 622 N.E.2d 604 (" Section 15 has thus seen a gradual expansion of the employee's right to control the third-party action by electing to initiate the action").
In 1991, § 15 was again amended through the workers' compensation reform act, whose purpose was to "cut costs, effect systemic repairs, and maintain a level of fair benefits for all injured workers" and to "put money in the hands of the injured worker or his dependents as soon as possible" (citation omitted). Figueiredo's Case, 49 Mass. App. Ct. 906, 907-908, 729 N.E.2d 1122 (2000). The language in the first sentence of the 1971 statute, abolishing the need for an election between remedies, remained the same for the 1991 statute. See St. 1991, c. 398, § 39. At the time of Bermudez's injury, an employee was entitled to pursue a third-party action against any person responsible for her injury after collecting benefits under the act. See G. L. c. 152, § 15 ("Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter").
2. Analysis. General Laws c. 152, § 75B (2), prohibits an employer from retaliating against its employee for exercising a *495 right afforded by the act. It reads in part: "No employer or duly authorized agent of an employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter." G. L. c. 152, § 75B (2). The parties' dispute centers on whether a third-party negligence claim qualifies as a right that is "afforded" by c. 152. The defendant argues that the right to sue a tortfeasor for personal injury cannot be afforded by the act because it was created *931 by common law. We disagree with the defendant's reasoning.
The act "is a remedial statute and should be given a broad interpretation, viewed in light of its purpose and to promote the accomplishment of its beneficent design." Sellers's Case, 452 Mass. 804, 810, 898 N.E.2d 494 (2008), quoting Neff v. Commissioner of the Dep't of Indus. Accs., 421 Mass. 70, 73, 653 N.E.2d 556 (1995). "Like all statutory provisions, § 15 'must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " DiCarlo v. Suffolk Constr. Co., 473 Mass. 624, 628, 45 N.E.3d 571 (2016), quoting Galenski v. Erving, 471 Mass. 305, 309, 28 N.E.3d 470 (2015).
The word "afford" is not defined in G. L. c. 152. Looking to the dictionary definition of this word, however, is beneficial to our analysis. See Oxford v. Oxford Water Co., 391 Mass. 581, 587, 463 N.E.2d 330 (1984), quoting Commonwealth v. Zone Book, Inc., 372 Mass. 366, 369, 361 N.E.2d 1239 (1977) ("When words are not defined in a statute we should 'derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions' "). "Afford" means to carry out, to give, to furnish, or to offer. Webster's Third New International Dictionary 36 (2002). In comparison, "create" is "to bring into existence," or "to make or bring into existence something new." Id. at 532. It is clear that the act did not create, or bring into existence, the right to sue a third party in tort; the act does, however, afford the right to do so by specifically allowing an employee to initiate a third-party action in addition to receiving benefits through workers' compensation. See Nichols's Case, 217 Mass. 3, 5, 104 N.E. 566 (1914) ("plain words are given their ordinary signification"). See also West's Case, 313 Mass. 146, 149, 46 N.E.2d 760 (1943) ("We are bound to interpret a statute as it is written").
*496 Without the 1971 amendment to G. L. c. 152, § 15, Bermudez likely would not be able to sue the defendant for her injury because she already collected workers' compensation from Career Group. See Searcy v. Paul, 20 Mass. App. Ct. 134, 139, 478 N.E.2d 1275 (1985) ("We apply the 1971 amendment as meaning just what it says, and as allowing a corporation's employee to bring actions for negligence against third parties"). That is, without the specific language in § 15, allowing an employee "without election" to the "other benefits provided under this chapter," Bermudez would not be afforded the right to bring her negligence claim against the defendant. Section 15, and not the common law, does indeed afford, give, and furnish Bermudez the right to do so.
Our interpretation is consistent with § 75B's purpose of protecting an employee from penalty or discharge. See Mello v. Stop & Shop Cos., 402 Mass. 555, 557 n.2, 524 N.E.2d 105 (1988). See also Young v. Duncan, 218 Mass. 346, 349, 106 N.E. 1 (1914) ("The act is to be interpreted in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design"). It is also consistent with the 1971 amendment to § 15 which "expanded the right of an employee to recover against third parties, 'indicat[ing] the Legislature's intention that the injured employee be fully compensated for his injuries.' "
*932 Wentworth v. Henry C. Becker Custom Bldg. Ltd., 459 Mass. 768, 771, 947 N.E.2d 571 (2011), quoting Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 351 & n.9, 446 N.E.2d 1033 (1983). Prior to this amendment, it was an "unfair ... requirement" to have an employee elect between her remedies. Taylor, 34 Mass. App. Ct. at 406 n.5, 612 N.E.2d 254. Similarly, it would be unfair today to allow an employee to file both a workers' compensation claim and a third-party action, yet only prevent the employer from terminating an employee for filing one claim but not the other.
Conclusion. Concluding that Bermudez has exercised a right afforded by the act when she filed her third-party action against the defendant, Bermudez's amended complaint sets forth sufficient facts that the defendant's termination of her employment was in retaliation for the third-party negligence suit. Contrast Piderit v. Siegal & Sons Invs., Ltd., 55 Mass. App. Ct. 1, 5-6, 768 N.E.2d 1099 (2002). Accordingly, the dismissal of her amended complaint must be vacated.
Judgment vacated.

This action was dismissed by voluntary stipulation of the parties.

In dismissing the amended complaint, the motion judge adopted the first judge's ruling that the defendant was not Bermudez's employer. In her appeal, Bermudez has argued that the first judge erred in this finding. Bermudez points to G. L. c. 152, § 1, which defines employer as "both the general employer and the special employer in any case where both relationships exist with respect to an employee." G. L. c. 152, § 1 (5). Using the statutory definition, Bermudez claims that Career Group was her general employer and that Dielectrics was her special employer. See Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 175-176, 37 N.E.3d 39 (2015). As such, Bermudez maintains that the defendant is an employer and is subject to a claim pursuant to G. L. c. 152, § 75B (2). Because the defendant concedes that it is her employer, we need not analyze this issue further. Accordingly, the sole issue on appeal is whether Bermudez's third-party action against the defendant is a right "afforded by" G. L. c. 152, § 15, such that her termination for pursuing that right would allow a claim for violation of G. L. c. 152, § 75B (2).

The employee could bring a third-party action only in exceptional circumstances not relevant here. See DaRoza v. Arter, 416 Mass. 377, 379 n.2, 622 N.E.2d 604 (1993).

1971 Senate Bill 1430, titled "An Act providing for payment of workmen's compensation and for suit against a negligent third party without necessity of election," amended § 15 by striking out the election language and replacing it in part with the following: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election to the compensation and other benefits provided under this chapter."