No. 50,937

WILLIAM H. BROWN, *Appellant,* v. GOODYEAR TIRE & RUBBER COM-
PANY and TRAVELERS INSURANCE COMPANY and WORKMEN'S COM-
PENSATION FUND, *Appellees.*

(608 P.2d 1356)

Opinion filed April 5, 1980.

*George E. McCullough,* of McCullough, Wareheim & LaBunker, of Topeka,
argued the cause and was on the brief for the appellant.

*John C. Peterson,* of Topeka, argued the cause and was on the brief for appellee,
Workmen's Compensation Fund.

The opinion of the court was delivered by

MILLER, J.: This is a workmen's compensation case involving
the application of K.S.A. 1974 Supp. 44-510f(c), since repealed.
The examiner terminated claimant's disability benefits pursuant
to that section of the act since claimant had attained age 65 and
was entitled to and was receiving federal old age social security
benefits. The order was sustained by the director, affirmed by the
district court, and affirmed by the Court of Appeals. *Brown v.
Goodyear Tire & Rubber Co.,* 3 Kan. App. 2d 648, 599 P.2d 1031
(1979). We granted review.

After carefully considering the record, briefs and arguments,
we conclude that the Court of Appeals correctly disposed of each
issue raised. We adopt the opinion of the Court of Appeals.

The judgment is affirmed.

HERD, J., dissenting: I respectfully dissent from the majority
opinion. K.S.A. 44-510f(c), enacted in 1974 and repealed effective
July 1, 1977, provided:

"An employee shall not be entitled to compensation benefits for permanent total
disability, temporary total disability or partial disability, under the workmen's
compensation act, from and after the date when he shall be entitled to and during
such period as he shall receive federal old age social security benefits, reduced or
unreduced."

The claimant's injury occurred November 1, 1974, and April 7,
1975, during the effective period of the statute. On April 12, 1976,

claimant was awarded medical expenses and temporary total disability from April 1, 1975, at the rate of $95.20 per week, not to exceed $50,000.00. The award was sustained by the Director of Workmen's Compensation on June 5, 1976, and by the District Court on February 11, 1977. Brown received compensation under the award until August 10, 1978, when his entitlement was terminated by the following order of the Workmen's Compensation Examiner:

"It Is Therefore, Considered, Ordered, Adjudged and Decreed that claimant's entitlement to workmen's compensation disability benefits ceased from and after September 5, 1977, and the Workmen's Compensation Fund has not and will not be liable to pay workmen's compensation benefits to claimant during such time as he shall receive federal old age Social Security benefits."

This order was sustained by both the director and the district court. It should be noted the order terminating the compensation and its effective date are both subsequent to the repeal of K.S.A. 1974 Supp. 44-510f(c).

We have repeatedly stated that the Workmen's Compensation Act should be liberally construed in order to award compensation to a worker where it is reasonably possible to do so. *Thuillez v. Yellow Transit Freight Lines,* 187 Kan. 618, 621, 358 P.2d 676 (1961); *Bender v. Salina Roofing Co.,* 179 Kan. 415, 422, 295 P.2d 662 (1956); *Bright v. Bragg,* 175 Kan. 404, 264 P.2d 494 (1953); *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 180, 183, 211 P.2d 89 (1949); *Matlock v. Hollis,* 153 Kan. 227, 232, 109 P.2d 119 (1941). We should not ignore the precedent in this case.

Appellant raises three issues. His first issue questions the action of the Workmen's Compensation Fund in applying for an order terminating compensation under K.S.A. 1978 Supp. 44-528 without alleging the grounds enumerated therein. I have no quarrel with the ruling of the examiner who found he had authority under K.S.A. 1978 Supp. 44-534(a) to consider the controversy presented. In considering appellant's remaining issue, however, claimant argues K.S.A. 1974 Supp. 44-510f(c) is procedural rather than substantive and after repeal of the statute, the worker is entitled to all of his compensation pursuant to the award.

We set out the test for determining whether a statute is procedural in *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P.2d 860 (1944), where we held a statute which merely provides a method

for the collection of future installments is procedural and is applicable to an award made prior to the statute's enactment. We also noted a statute which does not alter an existing obligation does not disturb substantive rights and is remedial in nature. Here, the employer was under an obligation to pay the claimant a set sum per week not to exceed a stated minimum. That obligation did not grow or diminish with the repeal of K.S.A. 1974 Supp. 44-510f(c). Under the old statute, the worker had the choice of receiving social security benefits or continuing to receive workers' compensation benefits. After repeal a worker may receive both. The repeal does not increase an employer's obligation, which remains in effect until the worker exercises his option to choose. The employer's rights and obligations remain unchanged.

The repeal does not affect the original award, but pertains only to the impediment to receipt of benefits from both funds. The repeal of K.S.A. 1974 Supp. 44-510f(c) does not change or disturb the original workmen's compensation award.

In *Crow v. City of Wichita*, 222 Kan. 322, 566 P.2d 1 (1977), an injury occurred before the effective date of the statute in question, K.S.A. 1976 Supp. 44-512(a). We held the later statute should be applied since the statute was found remedial in character. *Crow* clearly shows the present law should control, even though the accident occurred under prior law, since the prior statute and the law that repealed it are remedial in nature.

Finally, claimant maintains K.S.A. 1974 Supp. 44-510f(c) is not applicable to his award because it violates his rights under the Fourteenth Amendment to the U.S. Constitution. A parallel issue was dealt with in *Baker v. List and Clark Construction Co.*, 222 Kan. 127, 563 P.2d 431 (1977), where this court found the "offset" provision of K.S.A. 1975 Supp. 44-510b(j) did not violate the U.S. Constitution. I don't think that decision should be dispositive of the issue in this case and call attention to Justice (now Chief Justice) Schroeder's dissent therein beginning at page 135.

The Workmen's Compensation Act creates new rights based on an employer's liability without fault when an employee is involved in an accident arising in the course of and out of his employment. Under this Act, an employee gives up his right to sue his employer under a theory of common-law liability based on fault. Workmen's compensation became the employee's ex-

clusive remedy. We have described the employee's right to compensation as one based on contract between him and the employer. Note the following discussion in *Daugherty v. National Gypsum Co.,* 182 Kan. 197, 202, 318 P.2d 1012 (1957):

"The criterion for compensation under the statute is disability of the workman resulting from personal injury by accident arising out of and in the course of his employment. 'Disability' as used in G.S. 1955 Supp. 44-510(3)(*c*)(24) is the inability of the workman to perform work he was able to perform prior to his injury, and is the test by which compensation is measured for injury arising out of and in the course of his employment. [Citations omitted.] Any impairment of physical fitness due to injury is compensable under the statute either as temporary or permanent partial disability, or as a scheduled injury for the loss or loss of use of a member of the body. In *Rupp v. Jacobs,* [149 Kan. 712, 717, 88 P.2d 1102 (1939)], it was said:

'. . . The whole theory underlying the compensation act is that by reason of his accident the employer is required to compensate the workman for loss resulting by reason of his inability to perform the same labor he was able to perform prior to the injury.' . . . [Citations omitted.]

"Generally speaking, the loss of the earning power of the workman is the theoretical basis for the allowance of compensation. In a long line of decisions this court has held that loss of an injured workman's earning power may result from his ineligibility to obtain work as well as from inability to perform procurable work due to the impairment of his physical fitness, and that wages paid do not establish ability to earn. [Citations omitted.] Permanent partial disability of an injured workman based upon substantial medical testimony is compensable notwithstanding he may earn as much or more after his injury in the same or other employment. The rule is based upon the fact that partial general body disability is a definite loss to the injured workman, and is a deterrent to his obtaining and retaining work in the open labor market. [Citations omitted.]"

It is a mandatory creature of statute funded primarily by covered employers. Certain qualified employers are privileged to be self-insurers; the balance purchase insurance from companies which qualify to provide workmen's compensation coverage. The Workmen's Compensation Fund is made up of funds from insurance carriers, self-insurers and a tax levy providing funds to pay the liability of insolvent employers. It is a state program.

Old age Social Security is a federal program funded by a tax on wages paid to an employee, one-half of which is paid by the employer and one-half by the employee. In the case of a self-employed person a tax is assessed on his net income. Benefits are paid pursuant to federal law, rather than state. Insured individuals are generally entitled to benefits depending upon average wages earned during their lives.

In this case, Brown was insured under the Old Age and Sur-

vivors Insurance program, called Social Security, and became entitled to benefits by virtue of having been in covered employment. He paid taxes into the fund for twenty quarters and reached 65 years of age. His benefits amounted to $371.90 per month.

Brown is entitled to both workmen's compensation and old age Social Security. Neither has any relationship with the other; one is a state program, one is a federal program. Workmen's compensation is based upon a contractual arrangement; these social security benefits derive from old age retirement insurance. 99 C.J.S., Workmen's Compensation § 330(*g*) states:

"As a general rule, there can be no deduction from an award of compensation of payments or contributions received by an injured employee from sources other than the employer or his insurer  .  .  .  ."

In this case a military retirement pension, a V.A. disability pension or a private retirement plan would not have affected claimant's workmen's compensation entitlement. By enacting K.S.A. 1974 Supp. 44-510f(*c*), the legislature attempted to prevent duplication of benefits from the two programs. Among the inherent difficulties with the statute as enacted is that it not only prevents duplication of benefits, but goes far beyond and denies all benefits from Workmen's Compensation if claimant receives even one dollar of old age social security. The act makes no attempt to prevent duplication of benefits for disability. The classification based on age is unreasonable and arbitrary and violates due process and equal protection. *Pinkerton v. Schwiethale*, 208 Kan. 596, 493 P.2d 200 (1972); *Marshall v. Andrew F. Mahoney Co.*, 56 F.2d 74 (9th Cir. 1932). We stated in *Henry v. Bauder*, 213 Kan. 751, 753, 518 P.2d 362 (1974),

"There must be some difference in character, condition, or situation, to justify distinction, and this difference must bear a just and proper relation to the proposed classification and regulation; otherwise, the classification is forced and unreal, and greater burdens are, in fact, imposed on some than on others of the same desert."

The case of *Morales v. Mintor*, 393 F. Supp. 88 (D. Mass. 1975) speaks to age discrimination. There, it was undisputed each plaintiff would have been eligible for General Relief Benefits, except for statutory age restriction. The court found the statute violated both due process and equal protection under the Fifth and Fourteenth Amendments of the U.S. Constitution. The court emphasized that any statute must have a justifiable basis, and fit

into the overall legislative scheme. There was no justifiable basis for K.S.A. 1974 Supp. 44-510f(c), a fact recognized by the legislature in 1977, some three years later, when the statute was repealed. The former statute had the effect of giving an employee's social security benefits to the employer, benefits partially paid for by the employee. Its provisions conflict with the purpose of the Workmen's Compensation Act, which is "to burden the industry with the economic loss to a workman, or his dependents, resulting from accidental injury sustained by the workman arising out of and in the course of his employment." *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 180, 211 P.2d 89 (1949). The arbitrary classification of workers by age in K.S.A. 1974 Supp. 44-510f(c) frustrated the legislative scheme by shifting the economic loss due to injury from the employer to the employee.

I would reverse the judgment of the trial court.

SCHROEDER, C.J., joins in the foregoing dissenting opinion.