442 So.2d 961 (1983)
Mary Ellen O'NEIL, Appellant,
v.
DEPARTMENT OF TRANSPORTATION and Crawford & Company, Appellees.
No. AI-270.
District Court of Appeal of Florida, First District.
June 7, 1983.
Rehearing Denied December 29, 1983.
L. Barry Keyfetz of Keyfetz & Poses, Miami, for appellant.
Douglas J. Glaid of Kay & Silber, Fort Lauderdale, for appellees.
PER CURIAM.
AFFIRMED.
Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983).
ROBERT P. SMITH, Jr., C.J., and SHIVERS and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellant contends that the instant case raises a question left unanswered by Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983). That question is whether section 440.15(3)(b)3.d., Florida Statutes (1979), which terminates workers' compensation wage-loss benefits at age 65 (age/wage-loss provision), is unconstitutional under the supremacy clause because it violates the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. (1976). Specifically, appellant contends that the Florida age wage loss provision violates 29 U.S.C. § 623. Subsection *962 (a) of section 623 is entitled "Employer practices" and states:
(a) It shall be unlawful for an employer 
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
... .
The prohibition of section 623 applies to individuals who are at least 40 years of age but less than 70 years of age. 29 U.S.C.A. § 631(a) (West Supp. 1983).[1]
Appellant argues that the Workers' Compensation Law constitutes part of the terms, conditions, or privileges of employment pursuant to 29 U.S.C. § 623. Appellant contends that the Workers' Compensation Law becomes a part of the employment contract between employer and employee under Florida law. Chamberlain v. Florida Power Corp., 144 Fla. 719, 198 So. 486 (1940). The mere fact that the Workers' Compensation Law becomes part of the employment contract, however, does not necessarily mean that Congress intended the provisions of various state workers' compensation laws to fall within the prohibitions of the ADEA. The title of section 623(a), "Employer practices," implies that Congress intended the prohibitions of that part to reach only those matters over which employers have control. Employers have no direct control over the provisions of the Workers' Compensation Law. Although it is true that a state can be considered an "employer" for purposes of the ADEA, EEOC v. Wyoming, ___ U.S. ___, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983),[2] the workers' compensation law was not created by the State in its role as an employer, but rather was enacted by the Legislature pursuant to the police power of the State to protect the health, safety and welfare of all employees.
We find it significant that the Department of Labor's interpretation of this federal statute, contained in 29 CFR § 860.1, et seq. (1983), implicitly supports appellee's argument that the prohibitions of 29 U.S.C. § 623(a) are limited to employment practices within the control of employers and do not encompass governmental action such as workers' compensation laws. 29 CFR § 860.120(e) addresses the relationship of employer-provided benefits and government-provided benefits.[3] This subsection explicitly recognizes that the availability of government benefits, e.g., Medicare, may be based on age. We see little distinction, for purposes of the ADEA, between governmental enactments which provide for benefits to be paid by the government, and governmental enactments which provide for benefits to be paid by others. Further, 29 CFR § 860.50(c) interprets the phrase "terms, conditions or privileges of employment" and gives examples.[4] All of the examples encompass things which can be directly controlled by the employer, e.g., *963 promotion, leave policy, seniority, merit systems, etc. None of the examples involve government-provided benefits or benefits prescribed by statutory law.
In light of the above, we hold that the provisions of Florida's Workers' Compensation Law do not constitute compensation, terms, conditions, or privileges of employment within the meaning of 29 U.S.C. § 623. Thus, we find it unnecessary to address the question of whether the Florida law constitutes one of the statutory exceptions to the prohibitions of section 623,[5] and since no conflict exists between the Florida law and the federal ADEA, no violation of the supremacy clause of the United States Constitution is involved. Accordingly, the motion for rehearing is DENIED. We certify, however, the following question to be of great public importance:
DOES SECTION 440.15(3)(b)3.d., FLORIDA STATUTES (1979), VIOLATE THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION BECAUSE IT CONFLICTS WITH THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, ET SEQ. (1976)?
ROBERT P. SMITH, Jr. and THOMPSON, JJ., concur.
NOTES
[1] The instant issue was not addressed by Sasso because the claimant in that case was over 70 and thus not protected by the ADEA. 431 So.2d at 208 n. 6. In the instant case, Mrs. O'Neil was 66 at the date of the hearing on October 13, 1981.
[2] EEOC v. Wyoming involved that state's involuntary retirement at age 55 of a Wyoming game and fish warden. The Court held that extension of the ADEA to apply to state and local governments was constitutional.
[3] 29 C.F.R. § 860.120(e) states:

(e) Benefits provided by the Government. An employer does not violate the Act by permitting certain benefits to be provided by the Government, even though the availability of such benefits may be based on age. For example, it is not necessary for an employer to provide health benefits which are otherwise provided to certain employees by Medicare. However, the availability of benefits from the Government will not justify a reduction in employer-provided benefits if the result is that, taking the employer-provided and Government-provided benefits together, an older employee is entitled to a lesser benefit of any type (including coverage for family and/or dependents) than a similarly situated younger employee. For example, the availability of certain benefits to an older employee under Medicare will not justify denying an older employee a benefit which is provided to younger employees and is not provided to the older employee by Medicare.
[4] 29 C.F.R. § 860.50(c) states:

(c) The phrase "terms, conditions, or privileges of employment" encompasses a wide and varied range of job-related factors including, but not limited to, job security, advancement, status, and benefits. The following are examples of some of the more common terms, conditions, or privileges of employment: The many and varied employee advantages generally regarded as being within the phrase "fringe benefits," promotion, demotion or other disciplinary action, hours of work (including overtime), leave policy (including sick leave, vacation, holidays), career development programs, and seniority or merit systems (which govern such conditions as transfer, assignment, job retention, layoff and recall). An employer will be deemed to have violated the Act if he discriminates against any individual within its protection because of age with respect to any terms, conditions, or privileges of employment, such as the above, unless a statutory exception applies.
[5] 29 U.S.C. § 623(f) contains exceptions to the prohibitions of § 623(a).

A question similar to the instant case was addressed in Brown v. Goodyear Tire & Rubber Co., 3 Kan. App. 2d 648, 599 P.2d 1031 (1979), aff'd., 227 Kan. 645, 608 P.2d 1356 (1980), appeal dismissed, 449 U.S. 914, 101 S.Ct. 310, 66 L.Ed.2d 142, reh. denied, 449 U.S. 1068, 101 S.Ct. 799, 66 L.Ed.2d 614 (1980). Brown involved a Kansas statute which terminated certain workers' compensation benefits for persons who were receiving federal old age social security benefits. The Brown court held that this statute did not constitute employer discrimination on the basis of age, but it also stated:
Even if the statute involved age discrimination, it would still be authorized under § 623(f)(1) because "the differentiation is based on reasonable factors other than age," i.e., prevention of duplication of wage-loss benefits.
599 P.2d at 1037.
We note that section 440.15(3)(b)3.d., Fla. Stat. (1979) conditions termination of wage-loss benefits on eligibility for old age social security benefits in addition to the reaching of age 65. Sasso, supra at 217-218. Sasso, however, found that the Florida statutory scheme was not rationally related to the goal of halting "double dipping." Id. at 218-219.