ZEHMER, Judge.
This workers’ compensation case presents another in a continuing series of challenges to the constitutionality of section 440.15(3)(b)3d, Florida Statutes (1979), which prohibits injured employees sixty-five years of age and older from receiving wage-loss benefits. This court previously upheld the validity of this statute against numerous constitutional challenges in Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), and O’Neil v. Dept. of Transportation, 442 So.2d 961 (Fla. 1st DCA 1983). Both of these decisions are presently under review by the Florida Supreme Court.[1]
The appellant/claimant has made three arguments regarding the alleged unconstitutionality of section 440.15(3)(b)3d, Florida Statutes:
(1) The Sasso court incorrectly determined that the statute does not violate equal protection.
(2) The statute violates the federal supremacy clause because it conflicts with the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (1983).
(3) The statute violates the federal supremacy clause because it conflicts with section 403(f)(3) of the Social Security Act. 42 U.S.C. § 403(f)(3) (1983).
The first argument is simply a reargument of the Sasso case, in which this court rejected claimant’s contention. Claimant’s second argument, regarding the Age Discrimination in Employment Act, has also been addressed and resolved adversely to claimant in O’Neil. We are constrained by the doctrine of stare decisis to follow these decisions. Claimant’s third argument, however, has not yet been addressed by this court.
Claimant’s third argument centers upon section 403(f)(3) of the Social Security Act, Title 42, U.S.Code, which allows a re *564 cipient of social security benefits between the ages of sixty-five and seventy to receive the full amount of benefits so long as earned income does not rise above a maximum level and, also, allows the receipt of partial benefits to the extent earned income exceeds such maximum level. Recipients of social security benefits over the age of seventy may receive the full amount of benefits without regard to their income level. The avowed purpose of the statute is to allow those persons over the age of sixty-five who continue participating in the work force to recover all or part of their investment in the social security program. Raskin v. Moran, 684 F.2d 472, 476 (7th Cir. 1982).
Claimant argues that section 440.-15(3)(b)3d, Florida Statutes, operates in contravention of this federal statute by providing that a person over the age of sixty-five cannot receive wage-loss benefits. Claimant alleges that this statute deprives persons over sixty-five of wage-loss benefits specifically because of their eligibility to receive social security benefits. This alleged rationale is arguably contrary to the federal law which states that a person over sixty-five is permitted to receive both social security benefits and earned income at the same time.
Appellant places primary reliance upon the case of Raskin v. Moran, supra, in which the Seventh Circuit reviewed a Wisconsin statute that specifically reduced, in an amount exactly equal to the social security benefits they received, the salary of judges who were over the age of seventy. The admitted purpose of this statute was to avoid “double dipping,” whereby an employee would receive a full salary plus social security benefits. The court held the Wisconsin statute unconstitutional because it “stand[s] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” Id. at 477. The court further found:
Although not directly preventing or impeding plaintiffs receipt of social security' benefits, Wisconsin effectively deprives the recipient of those federal benefits by reducing plaintiffs’ salaries in an amount precisely equal to the federal benefits.

Id.

Although we agree with the rationale and reasoning of Raskin, we are compelled, in light of Sasso, to distinguish it from the present case. Unlike the Wisconsin statute, the Florida statute in question does not specifically rely upon the receipt of social security benefits in mandating elimination of wage-loss benefits to persons over the age of sixty-five. Although such reliance seems clearly implicit to us, the Sasso court held that the prevention of “double dipping” was not a valid purpose upholding the statute. The court hypothesized that other purposes behind the statute were:
(1) To cut the payment of employment-related fringe benefits due to an old-age related decline in productivity and physical abilities;
(2) To make room in the job market for younger workers by inducing retirement of older workers through a process of wage or fringe benefit reduction; and
(3) To reduce the costs of insurance premiums to the employers.
Sasso at 218.
In view of the rationale of Sasso, we must conclude, that the valid purposes of section 440.15(3)(b)3d are not directly related to preventing “double dipping,” and, accordingly are not in contravention of the salutary purpose behind section 403(f)(3) of the Social Security Act. We do, however, certify the following question to the Supreme Court as one of great public importance:
DOES SECTION 440.15(3)(b)3d, FLORIDA STATUTES (1979) VIOLATE THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION BECAUSE IT CONFLICTS WITH 42 U.S.C. SECTION 403(f)(3) (1983)?
We suggest that the inequities and hardships being created by section 440.-15(3)(b)3d are appropriate subjects for fur *565 ther investigation and consideration by the legislature.
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.

. Sasso was argued before the Supreme Court on March 5, 1984, and O’Neil is in the early stages of the appellate review process.