PER CURIAM.
Claimant appeals contending the deputy-commissioner erred in reducing the benefits payable to her by fifty percent (50%) in accordance with Section 440.15(3)(b)4., Florida Statutes (Supp.1982).[1] Her contention that Section 440.15(3)(b)4. violates the equal protection clauses of both the federal and state constitutions has been rejected by the Florida Supreme Court in Morrow v. Amcon Concrete, Inc., 452 So.2d 934 (Fla.1984), and Sasso v. Ram. Property Management, 452 So.2d 932 (Fla.1984).
Next, this court rejected the contention that Section 440.15(3)(b)(3)d. violates the federal supremacy clause because it conflicts with Section 403(f)(3) of the Social Security Act, Title 42, U.S. Code, in Acosta v. Kraco, Inc., 448 So.2d 562 (Fla. 1st DCA 1984). Claimant’s similar challenge to Section 440.15(3)(b)4. is controlled by our decision in Acosta. Moreover, we reject claimant’s constitutional argument for the further reason that claimant does not have standing to raise this issue since she is only 63 years old and Section 403(f)(3) only affects persons 65 and older. See Sasso v. Ram Property Management, 431 So.2d 204, 208 n. 6 (Fla. 1st DCA 1983).
Finally, in O’Neil v. Department of Transportation, 442 So.2d 961 (Fla. 1st DCA 1984), this court addressed and rejected the contention that Section 440.-15(3)(b)(3)d. violates the federal supremacy clause because it conflicts with the Age Discrimination in Employment Act, 29 U.S.C., § 621, et seq. That decision controls claimant’s similar challenge to Section 440.15(3)(b)4. in this ease. Nevertheless, because O'Neil is still pending in the Florida Supreme Court, we certify the following question:
DOES SECTION 440.15(3)(b)4., FLORIDA STATUTES (Supp.1982), VIOLATE THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION BECAUSE IT CONFLICTS WITH THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C., § 621. ET SEQ.?
AFFIRMED.
BOOTH, SMITH and THOMPSON, JJ., concur.

. Section 440.15(3)(b)4. was amended in 1983 to permit for the first time, persons 65 and over and eligible for social security to also obtain wage loss benefits. This court recently held that the amendment was substantive and could not be applied retroactively to accidents occurring prior to the effective date of the amendment. Ralston Purina Company v. Byers, 457 So.2d 1138 (Fla. 1st DCA 1984).