Tobin's Case.

# JOHN TOBIN'S CASE.

Suffolk. January 7, 1997. - February 11, 1997.

Present: WILKINS, C.J., O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Workers' Compensation Act,* Compensation, Discontinuance of payments, Presumptions and burden of proof. *Constitutional Law,* Equal protection of laws. *Due Process of Law,* Presumption. *Statute,* Retroactive application. *Federal Age Discrimination in Employment Act.*

General Laws c. 152, § 35E, as amended by St. 1991, c. 398, § 66, providing that an employee over age sixty-five who has been out of the labor market for at least two years and is eligible for social security or public or private employer pension benefits will not be entitled to total or partial incapacity benefits under G. L. c. 152, §§ 34 and 35, unless the employee can establish that, but for the injury, he or she would have remained active in the labor market, has a rational basis, promotes legitimate government goals and does not violate rights of equal protection. [252-254]

There was no merit to an injured employee's challenge on due process grounds to G. L. c. 152, § 35E, which establishes a rebuttable presumption of noneligibility for workers' compensation benefits for certain employees over age sixty-five who are eligible for social security benefits or benefits from a public or private employer pension plan. [254-255]

The amendment to G. L. c. 152, § 35E, effected by St. 1991, c. 398, § 66, was by its own terms a procedural provision applicable to personal injuries irrespective of the date of their occurrence. [255-256]

Where the provisions of G. L. c. 152 are not part of "compensation, terms, conditions, or privileges of employment" subject to control by an employer, the Federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., did not apply to G. L. c. 152, § 35E. [256-257]

This court declined to consider on appeal an issue not raised before a reviewing board of the Department of Industrial Accidents. [257]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Daniel C. Roache* for the employee.

*Thomas O. Bean,* Assistant Attorney General, for the intervener.

*Joseph B. Bertrand* for the insurer.

GREANEY, J. In this workers' compensation case, the employee, John Tobin, appeals from a decision of the reviewing board of the Department of Industrial Accidents affirming a decision of an administrative judge that the employee's benefits were to be terminated pursuant to G. L. c. 152, § 35E. This statute provides that an employee over age sixty-five, who has been out of the labor market for at least two years and is eligible for social security benefits, or benefits from a public or private pension paid for in part or entirely by an employer, will not be entitled to total or partial incapacity benefits under G. L. c. 152, §§ 34 and 35, unless the employee can establish that, but for the injury, he or she would have remained active in the labor market. The statute goes on to create a rebuttable presumption of noneligibility for benefits for affected employees.

The employee's appeal was filed in the single justice session of the Appeals Court pursuant to that court's rule 2:04, and was reserved and reported by the single justice to a panel of that court. We transferred the appeal to this court on our own motion. We reject the employee's arguments that G. L. c. 152, § 35E, violates the equal protection and due process provisions of the Fourteenth Amendment to the United States Constitution and the Declaration of Rights of the Massachusetts Constitution, that the statute is substantive in nature and therefore cannot be applied retroactively to his case, and that the statute is preempted by 29 U.S.C. §§ 621 et seq. (1994), the Federal Age Discrimination in Employment Act (ADEA). We also reject the employee's request that the case be remanded for further evidence and findings on the issue of the application of the statute to him. Consequently, we affirm the decision of the reviewing board.

The background of the case is as follows. The employee began to work for the town of Stoughton in 1978. He worked mostly as a custodian at the Stoughton police department, where his duties included cleaning and maintaining the facility. On September 27, 1988, the employee injured his shoulder while working on an overhead light fixture. As a result of the injury, surgery was performed on the employee's injured shoulder, and he received workers' compensation benefits from October 15, 1988, through October 29, 1991. On the latter date, after the employee had been out of the labor force

for more than two years, he was sixty-five years of age. Pursuant to G. L. c. 152, § 35E, as amended by St. 1991, c. 398, § 66, set forth below,[1] an administrative judge terminated the employee's workers' compensation benefits based on findings that the employee came within the provisions of § 35E, and he had not overcome the presumption created by the statute. The employee appealed from the administrative judge's decision to the reviewing board where two members of the three-judge panel rejected all his arguments. The third judge dissented on the basis that G. L. c. 152, § 35E, was preempted by the ADEA. This appeal followed the reviewing board's decision.

1. *Equal protection.* As an act of the Legislature, G. L. c. 152, § 35E, is presumed constitutional. *Leibovich* v. *Antonellis*, 410 Mass. 568, 576 (1991). "For the purpose of equal protection analysis, our standard of review under . . . the Massachusetts Declaration of Rights is the same as under the Fourteenth Amendment to the Federal Constitution." *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 743 (1986). The employee is not a member of a "suspect" or "quasi-suspect" class simply because he is over sixty-five years old,[2] and his interest in receiving workers' compensation benefits obviously

---

[1]General Laws c. 152, § 35E, as amended by St. 1991, c. 398, § 66, reads as follows:

> "Any employee who is at least sixty-five years of age and has been out of the labor force for a period of at least two years and is eligible for old age benefits pursuant to the federal social security act or eligible for benefits from a public or private pension which is paid in part or entirely by an employer shall not be entitled to benefits under sections thirty-four or thirty-five unless such employee can establish that but for the injury, he or she would have remained active in the labor market. The presumption of non-entitlement to benefits created by this section shall not be overcome by the employee's uncorroborated testimony, or that corroborated only by any of his family members, that but for the injury, such employee would have remained active in the labor market. Claims for compensation, or complaint for modification, or discontinuance of benefits based on this section shall not be filed more often than once every twelve months."

[2]The employee is not covered by G. L. c. 152, § 75B, which concerns the rights of qualified handicapped persons so his reliance on that statute is not helpful to him. In any event, handicapped individuals are not members of a "suspect" class. See *Welsh* v. *Tulsa*, 977 F.2d 1415, 1420 (10th Cir. 1992);

does not involve a fundamental right. The statute, therefore, will overcome an equal protection challenge if it is rationally related to a legitimate State interest. *Take Five Vending, Ltd.* v. *Provincetown*, 415 Mass. 741, 748 (1993).

There are at least two rationales for the Legislature's enactment of G. L. c. 152, § 35E. First, the statute is a benefit coordination provision. The workers' compensation law was designed to provide wage-loss protection to employees who are injured on the job and incur a loss of earning capacity from the injury. *Scheffler's Case*, 419 Mass. 251, 256 (1994). Workers' compensation restores to the injured employee a portion of the wages made unavailable because of lost earning capacity. Social security and public or private pension programs are also designed to provide wage-loss protection, but do so on account of advanced age. Like workers' compensation, benefits from these sources provide an employee with a percentage of preretirement income. Without a benefit coordination provision, the combined payments from "double-dipping" through the receipt of both workers' compensation benefits and social security and pension payments could exceed the employee's preinjury average weekly wage. In furtherance of a legitimate State interest, the Legislature could rationally have enacted G. L. c. 152, § 35E, to coordinate benefits and thereby prevent the stacking of benefits derived from statutory and other schemes designed to serve a common purpose.

The Legislature could also have enacted the statute to reduce the cost of workers' compensation premiums for employers who are paying into multiple benefit systems such as workers' compensation, social security, and pensions. Because § 35E makes it more difficult for employees eligible for social security or pensions also to collect workers' compensation benefits, the burden on employers is alleviated. This also provides a rational basis for the statute. For these reasons, there is universal agreement that statutes like G. L. c. 152, § 35E, promote legitimate governmental goals and do

*Lussier* v. *Dugger*, 904 F.2d 661, 671 (11th Cir. 1990); *Bonner* v. *Lewis*, 857 F.2d 559, 565 (9th Cir. 1988); *Edward B.* v. *Paul*, 814 F.2d 52, 55-56 (1st Cir. 1987); *Brown* v. *Sibley*, 650 F.2d 760, 766 (5th Cir. 1981). See also *Cleburne* v. *Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985) (mentally retarded individuals not members of suspect class); *Williams* v. *Secretary of the Executive Office of Human Servs.*, 414 Mass. 551, 564-565 (1993) (mentally ill individuals not members of suspect class).

not violate rights of equal protection. See *Richardson* v. *Belcher*, 404 U.S. 78, 82-84 (1971); *Rosa* v. *Warner Elec. Contracting*, 849 P.2d 845, 848 (Colo. Ct. App. 1992), aff'd, 870 P.2d 1210 (Colo.), cert. denied, 513 U.S. 814 (1994); *Acosta* v. *Kraco, Inc.*, 471 So. 2d 24, 25 (Fla.), cert. denied, 474 U.S. 1022 (1985); *Brown* v. *Goodyear Tire & Rubber Co.*, 3 Kan. App. 2d 648, 653 (1979), aff'd, 227 Kan. 645, appeal dismissed, 449 U.S. 914 (1980); *Berry* v. *H.R. Beal & Sons*, 649 A.2d 1101, 1103 (Me. 1994); *Peck* v. *General Motors Corp.*, 164 Mich. App. 580, 599 (1987), vacated on other grounds sub nom. *Pankow* v. *General Motors Corp.*, 432 Mich. 892 (1989); *McClanathan* v. *Smith*, 186 Mont. 56, 66 (1980); *Harris* v. *Department of Labor & Indus.*, 120 Wash. 2d 461, 478-481 (1993).

2. *Due process.* The employee argues that § 35E contravenes the procedural due process protections contained in the Fourteenth Amendment and the Massachusetts Declaration of Rights because he reads the statute as preventing him and his family from testifying to rebut the presumption contained in the statute. The procedural due process protections involved in this area are subject to the same analysis under both the Federal and State Constitutions. *Liability Investigative Fund Effort, Inc.* v. *Massachusetts Medical Professional Ins. Ass'n*, 418 Mass. 436, 443, cert. denied, 513 U.S. 1058 (1994). The basic test is whether the challenged statute affords the aggrieved party "the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews* v. *Eldridge*, 424 U.S. 319, 333 (1976), quoting *Armstrong* v. *Manzo*, 380 U.S. 545, 552 (1965). The statute clearly satisfies this test.

The employee misreads § 35E in concluding that he and members of his family are barred from testifying to defeat the presumption. The statute only provides that "[t]he presumption of non-entitlement to benefits . . . shall not be overcome by the employee's uncorroborated testimony, or that corroborated only by any of his family members, that but for the injury, such employee would have remained active in the labor market." Testimony by the employee and his family members concerning his life, environment, and present and future work goals is certainly permissible under § 35E and should be considered by the administrative judge. We note that the reviewing board has held that "§ 35E does not say

that an administrative judge should ignore all of an employee's testimony which bears on whether he intended to retire at age sixty-five. Indeed, much of that testimony is also relevant to the issue of diminution of earning capacity and motivation to return to work. Section 35E by its plain language simply says that the employee's testimony that he would have continued to work past age sixty-five — *standing alone* — will not carry the day and rebut the presumption of retirement. Either party may bring in witnesses or documents to verify or disprove the employee's testimony." *Harmon* v. *Harmon's Paint & Wallpaper*, 8 Mass. Workers' Comp. Rep. 432, 437 (1994).

The statute's establishment of a rebuttable presumption also does not violate due process. Presumptions are simply rules of evidence that fall within the general power of government to adopt. *DiLoreto* v. *Fireman's Fund Ins. Co.*, 383 Mass. 243, 248 (1981), quoting *Mobile, Jackson & Kansas City R.R.* v. *Turnipseed*, 219 U.S. 35, 42-43 (1910). The presumption disappears as soon as the employee introduces appropriate evidence to contradict it. See *O'Brien's Case, ante* 16, 19-25 (1996) (upholding G. L. c. 152, § 11A [2], which confers prima facie status to report of independent medical examiner, against procedural due process challenge). We conclude that the employee's due process challenge lacks merit.

3. *Retroactivity.* The employee argues that St. 1991, c. 398, § 66, which amended § 35E to add the presumption, is substantive in nature, and because he was injured before the effective date of the amendment, the earlier version of the statute, which did not contain the presumption of non-entitlement, applies to his case. There is no merit to this argument.

Section 107 of St. 1991, c. 398, provides a specific description of procedural and substantive portions of the amendments made to G. L. c. 152. Section 107 states that "[e]xcept as specifically provided by [§§ 103-106], inclusive, of this act, all sections of this act shall, for purposes of [G. L. c. 152, § 2A], be deemed to be procedural in character."[3] The Legislature did not designate the change adding the presump-

---

[3]General Laws c. 152, § 2A, reads as follows:

"Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which

tion in § 35E as a substantive provision in §§ 103-106. "Therefore, the plain language of § 107 indicates that the Legislature intended [the amendment to § 35E] to be a procedural provision. As a procedural provision, [the amended § 35E] has 'application to personal injuries irrespective of the date of their occurrence.' " *Connolly's Case*, 418 Mass. 848, 851 (1994), quoting G. L. c. 152, § 2A.

4. *The ADEA*. The employee argues that the ADEA preempts G. L. c. 152, § 35E.[4] We do not agree. The ADEA applies only to "employer practices" that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623 (a). The ADEA thus concerns age-based discrimination against employees resulting from activities within the employer's control. The workers' compensation law is a uniform system of compensation that is mandated by governmental action, and the application of its terms and provisions is not controlled, or subject to control, by an employer. The provisions of G. L. c. 152 are not a discretionary component of the contractual employment

increases or decreases the amount or amounts of compensation payable to an injured employee or his dependents including amounts deducted for legal fees shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act, unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

[4]The Attorney General, whose motion to intervene was allowed in this court, argues that the employee cannot assert the preemption claim because he did not file claims with the Equal Employment Opportunity Commission (EEOC) and the Massachusetts Commission Against Discrimination. The Attorney General's brief cites numerous Federal decisions holding that the provisions of ADEA requiring the filing of administrative claims before a court action is instituted are a bar to a court's consideration of a claim under ADEA. In a situation like this, where an insurer is seeking to terminate an employee's workers' compensation benefits by reason of the effect of a State statute, requiring exhaustion of the employee's administrative remedy will serve no practical purpose.

relationship that exists between the employer and employee and cannot be modified by the employer. As such, the provisions of G. L. c. 152 are not part of "compensation, terms, conditions, or privileges of employment" that an employer can establish. We conclude that the ADEA does not apply to G. L. c. 152, § 35E. See *O'Neil* v. *Department of Transp.*, 442 So. 2d 961, 962 (Fla. Dist. Ct. App. 1983), aff'd, 468 So. 2d 904 (Fla.), cert. denied sub nom. *O'Neil* v. *Florida*, 474 U.S. 861 (1985); *Peck* v. *General Motors Corp.*, 164 Mich. App. 580, 599 (1987).[5]

5. *Requested remand.* Lastly, the employee argues that the case should be remanded to the board with directions to remand it to the administrative judge for further proceedings in light of the reviewing board's *Harmon* decision, *supra.* The *Harmon* case was decided after the administrative judge's decision, but the *Harmon* decision was available to the employee when his appeal was before the reviewing board. The employee did not argue to the reviewing board that the case should be remanded for further findings or the presentation of additional evidence, and consequently, the reviewing board did not consider the issue. We also decline to consider it. See *Maguire's Case*, 16 Mass. App. Ct. 337, 338 n.1 (1983), and cases cited.

The decision of the reviewing board is affirmed.

*So ordered.*

---

[5]We note additional support for this conclusion in the applicable EEOC regulations, to which we look for guidance. See *Meritor Sav. Bank, FSB* v. *Vinson*, 477 U.S. 57, 65 (1986). The Department of Labor's interpretation of the ADEA implicitly supports the argument that its prohibitions are limited to employment practices within the control of employers and do not encompass governmental actions such as workers' compensation laws. See *O'Neil* v. *Department of Transp.*, 442 So. 2d 961, 962-963 (Fla. Dist. Ct. App. 1983), aff'd, 468 So. 2d 904 (Fla.), cert. denied sub nom. *O'Neil* v. *Florida*, 474 U.S. 861 (1985); *Peck* v. *General Motors Corp.*, 164 Mich. App. 580, 599 (1987), vacated on other grounds sub nom. *Pankow* v. *General Motors Corp.*, 432 Mich. 892 (1989). The courts in *O'Neil* and *Peck* cite the original ADEA regulations, 29 C.F.R. §§ 860.1 et seq. (1983). Regulations governing the ADEA are now codified at 29 C.F.R. §§ 1601 et seq. (1996).