COMMONWEALTH *vs.* JOSHUA D. MANDELL.

No. 02-P-1606.

Suffolk. November 3, 2003. - July 20, 2004.

Present: PERRETTA, SMITH, & CYPHER, JJ.

*Motor Vehicle,* Operating under the influence. *Narcotic Drugs. Constitutional Law,* Narcotic drugs, Blood test, Equal protection of laws. *Due Process of Law,* Access to evidence.

This court concluded that neither art. 12 of the Massachusetts Declaration of Rights nor the Sixth or Fourteenth Amendments to the United States Constitution required that an individual arrested for operating a motor vehicle while under the influence of drugs be advised by the police that he or she could arrange for an independent medical examination. [527-531]

COMPLAINT received and sworn to in the South Boston Division of the District Court Department on November 19, 2001.

A motion to dismiss was heard by *Gordon A. Martin, Jr.,* J., and questions of law were reported by him.

*Anthony W. Fugate* for the defendant.

*Jeremy C. Bucci,* Assistant District Attorney, for the Commonwealth.

PERRETTA, J. On a motion to dismiss a complaint charging him with operating a motor vehicle while under the influence of marijuana, G. L. c. 90, § 24, the defendant argued that he should have been advised by the police that he had a right to an independent medical examination to test for drug impairment of his ability to operate a motor vehicle.[1] Pursuant to Mass.R. Crim.P. 34, 378 Mass. 905 (1979), a District Court judge reported two questions concerning any right the defendant might have to be so advised.

---

[1]Although the defendant has not included his motion to dismiss in the record before us, the basis of his motion is clear from his brief as well as that of the Commonwealth and the reported questions.

1. *The reported questions.* As reported, the questions we have been asked to answer are:

> "1. Does Article 12 of the Massachusetts Declaration of Rights, or the 6th or 14th Amendments of the United States Constitution, require that an individual arrested for operating under the influence of drugs be advised by the police that he or she can arrange for an independent medical examination?

> "2. If such right to an independent exam exists, then if the defendant is not advised of such right to be examined immediately by a physician in order to provide possible exculpatory evidence of his or her sobriety, is he or she required to show that he or she was prejudiced by police officers' failure to so comply, in order . . . for the complaint to be dismissed?"

Because we answer "no" to the first question, we need not and do not reach the second.

2. *The defendant's argument.* The defendant bases his claim of right to be advised of an independent medical examination when arrested for operating under the influence of drugs on G. L. c. 263, § 5A, as amended through St. 1983, c. 557. The statute reads, in pertinent part:

> "A person held in custody . . . charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. The police official in charge . . . or his designee, shall inform [such a person] of such right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it."

He argues that to limit § 5A to alcohol impairment is to deny him the protections afforded by the equal protection and due process clauses of the State and Federal Constitutions.

3. *Discussion.* There is nothing in § 5A itself that provides a ground for dismissal of the complaint. By its clear and unambiguous language, § 5A restricts itself to offenders charged with driving under the influence of alcohol. It contains no language concerning operation of a motor vehicle while under

the influence of marijuana or any other drug. We are not free to add language to a statute for the purpose of interpreting it according to what we might imagine to be the Legislature's objective. See *James J. Welch & Co.* v. *Deputy Commr. of Capital Planning & Operations*, 387 Mass. 662, 666 (1982). Rather, "[w]here the language of a statute is clear and unambiguous, it is conclusive as to legislative intent." *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996). This rule of statutory interpretation applies even were we to recognize a potential unfairness within a statute's clear language. Remedial action in such circumstances is for the Legislature. See, e.g., *Commonwealth* v. *Villalobos*, 437 Mass. 797, 804 (2002). It also applies even where we recognize that a statute creates a potential anomaly.[2] See *DaLuz* v. *Department of Correction*, 434 Mass. 40, 49 (2001), quoting from *Weitzel* v. *Travelers Ins. Co.*, 417 Mass. 149, 153 (1994) ("Where the language of a statute is plain, the courts enforce the statute according to its wording"). Simply put, there is nothing in the language of G. L. c. 263, § 5A, that entitles the defendant to a dismissal of the complaint against him.

Our conclusion concerning the language of § 5A requires us to turn to the defendant's equal protection claim. The argument on this issue is that a literal reading of § 5A impermissibly confers upon those held in custody for driving under the influence of alcohol the right to be advised of the right to an independent medical examination while failing to provide those same rights to those accused of driving under the influence of drugs. Any analysis of this claim must begin with the established principle that "an act of the Legislature . . . is presumed constitutional." *Tobin's Case*, 424 Mass. 250, 252 (1997).

We have before us the defendant's concessions that his status as one accused of operating a motor vehicle while under the influence of drugs does not afford him the protections given members of a "suspect" class nor does the asserted right to be advised of the possibility of a physical examination involve a "fundamental right." *Tobin's Case*, 424 Mass. at 252-253.

---

[2] We neither imply nor suggest that G. L. c. 263, § 5A, presents an unfairness or anomaly. Rather, we stress the applicable rules of statutory construction. See *Weitzel* v. *Travelers Ins. Co.*, 417 Mass. 149, 153 (1994).

Consequently, § 5A "will overcome an equal protection challenge if it is rationally related to a legitimate State interest." *Id.* at 253.

In our view and with these commendable concessions as to established constitutional principles in mind, we think the Legislature could have made a rational decision to limit the rights afforded under § 5A to those accused of alcohol-related offenses for the simple reason that, unlike the testing of alcohol consumption, no examination has been shown to exist that can refute a suspect's drug impairment with any degree of precision. Indeed, the defendant cites *Commonwealth* v. *Leis*, 355 Mass. 189, 196 (1969), and candidly acknowledges the absence of such a test. Unlike the situation with alcohol intoxication, there appears to be no recognized level at which a suspect may be presumed *not* to be under the influence of marijuana or narcotic drugs. Contrast G. L. c. 90, § 24(1)(*e*), establishing a "permissible inference" that a defendant was not under the influence of alcohol if his blood alcohol level was five one-hundredths percent or less.

There is a very real possibility that an independent blood test could serve to refute the Commonwealth's evidence of the results of a breathalyzer test. On the other hand, an independently obtained blood test will not refute an allegation of marijuana or other drug-related impairment. We recognize that a blood test could demonstrate that a defendant was drug-free and that such a test result would refute an arresting officer's opinion that a defendant's operation of a motor vehicle was impaired by drugs. However, that possibility does not support his equal protection claim. We think that the difference between the probative value of an alcohol-related test and that of a drug-related test provides a rational basis for the different treatment the Legislature has afforded to those accused of operating a motor vehicle while under the influence of intoxicating liquor.

Separate and apart from any claim made pursuant to G. L. c. 263, § 5A, the defendant argues that because State and Federal due process guarantees afford an accused the right to present all evidence favorable to him, police are required to advise those accused of driving under the influence of drugs that they have the right to an independent drug test. We see

nothing in the Fourteenth Amendment to the United States Constitution or art. 12 of the Massachusetts Declaration of Rights that gives an accused such a right.

Federal due process principles do not obligate the police to assist an accused to obtain such evidence. They do, however, guarantee that the police cannot hinder a defendant's own efforts to secure potentially exculpatory evidence. As stated in *Commonwealth* v. *Chistolini*, 422 Mass. 854, 858 (1996):

> "We note that there is within Federal due process principles 'what might loosely be called the area of constitutionally guaranteed access to evidence.' *California* v. *Trombetta*, 467 U.S. 479, 485 (1984), quoting *United States* v. *Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). In its October, 1988, term, however, the Supreme Court made clear that in these access-to-evidence situations only bad faith police conduct creates the kind of fundamental unfairness that the due process clause prohibits. See *Arizona* v. *Youngblood*, 488 U.S. 51, 55-58 (1988)."

In respect to an accused's right of access to evidence, the breadth of art. 12 of the Massachusetts Declaration of Rights is no different from that of the Sixth and Fourteenth Amendments to the United States Constitution. In *Commonwealth* v. *Alano*, 388 Mass. 871, 876-879 (1983), the court held that any State or Federal due process right a defendant accused of driving under the influence of alcohol might have to secure potentially exculpatory evidence (a blood test) was assured by G. L. c. 263, § 5A, and that there was no due process violation in the absence of a showing that police acted in bad faith to interfere with a defendant's attempt to exercise his statutory right. Cf. *Commonwealth* v. *Campbell*, 378 Mass. 680, 702 (1979) ("prosecutor has no duty to investigate every possible source of exculpatory information on behalf of the defendants and . . . his obligation to disclose exculpatory information is limited to that in the possession of the prosecutor or police"); *Commonwealth* v. *Beal*, 429 Mass. 530, 533-534 (1999) (although a prosecutor "cannot inhibit access to a witness . . . [a] prosecutor has no duty to help the defendant generate information from an independent witness").

Our reading of the above cited cases, considered in light of

the fact of an accused's statutory right to the use of a telephone, see G. L. c. 276, § 33A,[3] leads us to conclude that a defendant accused of driving while under the influence of drugs has neither a State nor Federal due process right to be advised that he can arrange for an independent medical examination which might produce exculpatory information.

4. *Conclusion.* The answer to reported question number one is "No," making it unnecessary for us to answer reported question number two. The matter is remanded to the District Court for further proceedings.

*So ordered.*

---

[3]General Laws c. 276, § 33A, as amended through St. 1963, c. 212, provides:

> "The police official in charge of the station or other place of detention having a telephone wherein a person is held in custody, shall permit the use of the telephone, at the expense of the arrested person, for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release on bail, or to engage the services of an attorney. Any such person shall be informed forthwith upon his arrival at such station or place of detention, of his right to so use the telephone, and such use shall be permitted within one hour thereafter."