COMMONWEALTH *vs.* CHARLES L. MURPHY.

No. 06-P-885.

Middlesex. December 13, 2006. - February 1, 2007.

Present: GELINAS, GREEN, & GRAINGER, JJ.

*Motor Vehicle,* Operation, License to operate, Operating under the influence.

A Superior Court judge properly dismissed an indictment for operating a mo-
  tor vehicle after the suspension of the defendant's license for a prior
  operating under the influence offense, in violation of G. L. c. 90, § 23,
  where the issuance to the defendant of a "hardship license," which
  restricted the hours during which he was allowed to operate a motor
  vehicle, rendered the defendant's conviction of the offense charged impos-
  sible as matter of law. [153-155]

INDICTMENT found and returned in the Superior Court Depart-
ment on February 15, 2005.

A motion to dismiss was heard by *Peter M. Lauriat,* J.

*Stephen C. Hoctor,* Assistant District Attorney, for the
Commonwealth.

*Dana Alan Curhan* (*Brad P. Bennion* with him) for the
defendant.

GRAINGER, J. This case of first impression arises from the
defendant's indictment for operating a motor vehicle after the
suspension of his license for a prior operating under the influ-
ence (OUI) offense, in violation of G. L. c. 90, § 23. At issue is
the legal effect of the issuance to the defendant of a so-called
"hardship license" on the defendant's subsequent apprehension
behind the wheel outside of the hours of operation permitted
by that license. We affirm the trial judge's dismissal of the
indictment.

*Facts.* In November, 1999, the defendant's driver's license
was suspended for eight years after his conviction of operating
a motor vehicle while under the influence of alcohol. In March,

2004, the Registry of Motor Vehicles (registry) issued him a hardship license, which restricted the hours during which he was allowed to operate a motor vehicle to between 8 A.M. and 8 P.M.

On January 14, 2005, at 11:40 P.M., Sergeant Lamont of the Natick police department observed the defendant's vehicle traveling slowly on a public way. The vehicle swerved several times, and its rear tire was flat and badly damaged. Sergeant Lamont called for assistance. Officer Bosselman, also of the Natick police department, responded and stopped the vehicle.

When stopped, the defendant had an odor of alcohol on his breath, and held on to the door frame to steady himself as he slowly got out of his vehicle. Officer Bosselman arrested the defendant. On February 15, 2005, a grand jury returned two indictments charging the defendant with a subsequent OUI offense pursuant to G. L. c. 90, § 24(1)(a)(1), and operating his motor vehicle after the suspension of his license for OUI, pursuant to G. L. c. 90, § 23. The defendant filed a motion to dismiss the latter indictment. That motion was granted for the reasons discussed below, and the Commonwealth appeals from that decision.[1]

*Discussion.* General Laws c. 90, § 23, punishes "[a]ny person convicted of operating a motor vehicle after his license to operate has been suspended or revoked" for operating under the influence "*and prior to* the restoration of such license or right to operate or to *the issuance to him of a new license to operate*" (emphasis added). The defendant argued, and the trial judge agreed, that he could not be indicted for a violation of § 23 because the registry had issued him a new license. We concur. Although a "new license" is not defined in § 23, the type of license he was granted — a hardship license — is described in G. L. c. 90, § 24(1)(c)(3), as "a new license" subject to certain restrictions.[2]

---

[1]Proceedings regarding the indictment charging the subsequent OUI offense were stayed pending the disposition of this appeal.

[2]Additionally, the registry certified that "on 03/08/04 [the defendant's] license or right to operate was reinstated in the Commonwealth of Massachusetts." While not controlling, this further supports the defendant's contention that an indictment under § 23 was improper.

A "statute is to be interpreted according to the plain and ordinary meaning of its words." *Commonwealth* v. *Conaghan*, 433 Mass. 105, 110 (2000). "[W]here the language of a statute is clear and unambiguous, it is conclusive as to legislative intent." *Commonwealth* v. *Mandell*, 61 Mass. App. Ct. 526, 528 (2004), quoting from *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996). "[S]tatutory language should be given effect consistent with its plain meaning." *Commonwealth* v. *Ferreira*, 67 Mass. App. Ct. 109, 113 (2006), quoting from *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001). However, when there is ambiguity in a criminal statute, the statute is to be construed in the defendant's favor. *Youngworth* v. *Commonwealth*, 436 Mass. 608, 611 (2002).

In this case, the statute is unambiguous. Upon the "the issuance . . . of a new license to operate," albeit one with restrictions, the Commonwealth could no longer prove the required elements of a conviction under § 23. The trial judge properly dismissed the indictment against the defendant because the Commonwealth could not have presented sufficient evidence to support the offense charged. See *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163-164 (1982); *Commonwealth* v. *Quincy Q.*, 434 Mass. 859, 862-863 (2001).

We recognize that the evidentiary standard for the issuance of a grand jury indictment — probable cause — is lower than that for submitting a criminal case to the jury. See *Commonwealth* v. *Lent*, 420 Mass. 764, 765 n.2 (1995). In fact, evidence insufficient to overcome a motion for required finding of not guilty may nonetheless support probable cause for the issuance of an indictment. See *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450-451 (1984); *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 616 (1990), *S.C.*, 410 Mass. 1005 (1991). However, in a situation such as this, where an undisputed fact (the issuance to the defendant of a new license and right to operate) renders impossible the defendant's conviction of the offense charged as matter of law, the indictment should be dismissed. As noted by the trial judge, the proper crime with which to charge the defendant

is a violation of G. L. c. 90, § 10, the operation of a motor vehicle without a license.

*Order dismissing indictment*
*affirmed.*